[L. A. No. 3608.  Department One.—March 14, 1916.]

# MAY PERRY and CHARLES PERRY, Respondents, v. THE ANGELUS HOSPITAL ASSOCIATION, Appellant.

NEGLIGENCE — EMPLOYER AND EMPLOYEE — DEFECTIVE MANGLE—SUFFICIENCY OF COMPLAINT.—In an action by an employee against her employer to recover for personal injuries sustained by her while operating a laundry "mangle," the complaint sufficiently avers the defendant's negligence and knowledge of the defective condition of the machine, where it alleges, in substance, the method of feeding the cloth into the mangle, and that to do this the operator had to pass her fingers and hands under a pipe set for a guard until they were practically in contact with the two heated rollers of the machine while they were rapidly revolving, one above the other; that there was no guard "that would in any way keep the hands and fingers of the operator from being caught between the rollers," except said pipe which was set so high that the hands would pass under it, and that because it was without a "guard that tended to keep the fingers and hands of the operators out of the rollers, the said mangle was an unsafe and dangerous machine to operate."

ID.—FURNISHING SAFE APPLIANCES—DUTY OF MASTER.—It is the duty of the master to use ordinary care to furnish reasonably safe machines to the servant with which to do the work. He cannot be heard to say that he did not know of defects and dangers that he might have ascertained by the exercise of reasonable care.

ID.—INSTRUCTIONS — USE OF IMPROPER GUARD — OBVIOUS DANGER.— Where the undisputed fact was established at the trial that a safer guard was in common use and well known at the time of the injury, it was proper to instruct the jury that if the appliance or machine furnished by the defendant was obviously unsafe or dangerous, then its continued use by the defendant would indicate negligence.

ID.—CONTINUED USE OF UNSAFE MACHINE WITHOUT INJURY.—The fact that an obviously unsafe machine, or an unsafe machine from which the danger could be easly eliminated, had been in use for a long time without injury to the employee, did not relieve the employer from the imputation of carelessness.

ID. — INSTRUCTIONS AS TO BURDEN CAST ON PLAINTIFF TO ESTABLISH CASE.—An instruction that in order to recover, "the plaintiff was called upon to prove (1), that the mangle in question was not safe, or was defective, and that sufficient appliances thereon were not provided in order to protect the plaintiff as an operator; (2), that the defendant either knew of the defect and the lack of the safety

appliance, or as a reasonably prudent and careful person, under the same circumstances and conditions as are here shown, should have known the condition of the mangle and as to its safety and appliances or lack of appliances, as the case may be; (3), that the employee was injured, and that the defective machine contributed to the injury," correctly states in general terms the burden cast upon the plaintiff in the conduct of her case.

ID.—CONTRIBUTORY NEGLIGENCE—ATTEMPT TO PLEAD—APPEAL.—Where an attempt was made in the answer to plead the contributory negligence of the plaintiff as a defense, and the trial was had upon the theory that such issue was raised, the parties are precluded from raising, on appeal, the objection that the pleading is insufficient.

ID.—MERE USE OF DEFECTIVE MACHINE NOT CONTRIBUTORY NEGLIGENCE. The issue whether or not plaintiff's negligence contributed to the injury, depends on what occurred at the time of the injury and what she did at that time, if anything, tending to cause it. Her previous conduct in continuing in service, after being warned of the danger, while it might have had some tendency to show that she assumed the risk, had no tendency to show that she was careless in manipulating the mangle in its dangerous condition.

ID.—EXCESSIVE VERDICT—PERMANENT INJURY TO HAND.—Under the circumstances of this case, the verdict for eleven thousand five hundred dollars, for an injury to the plaintiff's right hand, causing her intense and prolonged suffering, and probably rendering the hand practically useless, cannot, on appeal, be held so excessive as to warrant a reversal on the ground that it was the result of "passion or prejudice or corruption on the part of the jury."

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. M. T. Dooling, Judge, presiding.

The facts are stated in the opinion of the court.

Avery & French, for Appellant.

E. A. Meserve, and Hanson, Hackler & Heath, for Respondents.

SHAW, J.—The plaintiff, May Perry, was employed by the defendant to operate an ironing-machine, commonly called a "mangle," in the laundry of the hospital conducted by the defendant. The action is for personal injuries sustained by her while so engaged. She being a married woman, her husband is made a nominal party plaintiff. There was a trial by jury, a verdict being given for plaintiff for eleven thou-

sand five hundred dollars, for which amount the court entered judgment. The defendant appeals from the judgment, and from an order denying its motion for a new trial.

The mangle operated by plaintiff consisted of a large hollow drum or roller heated with steam to a degree sufficiently hot to iron and dry linen and other clothing brought in contact with it by means of two or three smaller rollers rapidly revolving immediately above it. In front of these rollers there was a flat polished board leading up nearly to the point of contact of the upper and lower rollers, upon which board the articles to be ironed were placed. Across the board about six inches from the point of contact of the rollers there was a one-inch iron pipe intended for a guard, but set high enough above the board to enable the plaintiff's hand to pass under the pipe far enough to come in contact with and be drawn between the rollers. The contrivance was defective, because it often became necessary to push the wet cloth under the guard with the hand, in order to make it reach the rollers. While plaintiff was in the act of passing a towel over the table and into the mangle her fingers were caught and drawn between the rollers where, before the machine could be stopped, or her hand could be withdrawn, the palm of her hand and fingers were severely burned.

The appellant first contends that the demurrer to the complaint should have been sustained, because the complaint did not sufficiently aver negligence, and fails to allege the master's knowledge of the alleged defective condition of the machine. The complaint, in substance, alleges that in feeding the cloth into the mangle the cloth had to be pushed over the board to a point where it would be caught by the revolving rollers and thus pulled in between them, that to do this the operator had to pass her fingers and hands under the pipe set for a guard until they were practically in contact with the two rollers while they were rapidly revolving, one above the other, that there was no guard "that would in any way keep the hands and fingers of the operator from being caught between the rollers," except said pipe which was set so high that the hands would pass under it, and that because it was without a "guard that tended to keep the fingers and hands of the operators out of the rollers, the said mangle was an unsafe and dangerous machine to operate." It was the duty of the master to use ordinary care to furnish reasonably safe

machines to the servant with which to do the work. He "cannot be heard to say that he did not know of defects and dangers that he might have ascertained by the exercise of reasonable care." (*Roche* v. *Llewellyn etc. Co.,* 140 Cal. 563, 569, [74 Pac. 147]; *Sterne* v. *Mariposa etc. Co.,* 153 Cal. 522, [97 Pac. 66]; *Alexander* v. *Central etc. Co.,* 104 Cal. 532, 539, [38 Pac. 410].) The above allegations clearly show that the defendant failed to perform this duty. The dangerous char acter of the machinery, if these averments are true, was patent to ordinary observation. Ordinary care to perform the duty would have resulted in the discovery of the danger. The defendant cannot be heard to say it did not know that which the ordinary observation, which its duty required it to make, would have made known. While the complaint does not expressly say the defendant's conduct causing the injury was "negligent," the facts stated show that the defendant failed to use ordinary care. This is the proper office of a pleading. The demurrer was properly overruled.

Appellant complains of numerous instructions which were given on behalf of the plaintiff. The first instruction criticised, being number VI, is as follows: "You are instructed that if the appliance or machine furnished by the defendant to the plaintiff was obviously unsafe or dangerous, then its continued use by the defendant would indicate negligence." What has been said in regard to the sufficiency of the complaint disposes of this objection. The instruction, as applied to the facts of this case, was correct as far as it goes. It would not be negligence to continue the use of this unsafe machine if no safer machine could be found with reasonable diligence. But there was abundant evidence that a safer guard was in common use and well known at the time. The fact was not disputed at the trial. The court was authorized to assume it to be true. Under these circumstances the continued use of the unsafe mangle was negligence of the employer. In this connection it should be noted that at the time of the accident the Employers' Liability Act of 1911 (Stats. 1911, 796) was in force providing that the fact that the em ployee had assumed the risks of danger from the employment should be no defense in such cases, and that the contributory negligence of the employee should not bar a recovery where his negligence was slight and that of the employer gross, in comparison. The jury was fully and correctly instructed

on the point that the duty of the employer required the exercise by him of no more than ordinary care in the discovery and selection of safety appliances on the machinery.

There was no error in the instruction that the fact that an obviously unsafe machine, or of an unsafe machine from which the danger could be easily eliminated, had been in use for a long time without injury to the employee, did not relieve the employer from the imputation of carelessness.

If, as we have said, it was negligence for the defendant to provide an obviously unsafe machine for its employees, then it must follow that its continuous use thereafter is nothing less than continuous negligence and cannot relieve defendant from the charge. We know of no authority for the proposition that by continuing in a careless performance of duty a party transforms its negligence into due care. (*Silviera* v. *Iverson*, 125 Cal. 266, [57 Pac. 996].)

Complaint is next made of instruction numbered VIII, which was as follows:

"In order to recover, the plaintiff was called upon to prove,

"First, that the mangle in question was not safe, or was defective, and that sufficient appliances thereon were not provided in order to protect the plaintiff as an operator on the same;

"Second, that the defendant either knew of the defect and the lack of the safety appliance, or as a reasonably prudent and careful person, under the same circumstances and conditions as are here shown, should have known the condition of the mangle and as to its safety and appliances or lack of appliances, as the case may be;

"Third, that the employee was injured, and that the defective machine contributed to the injury, the measure of plaintiff's damages being stated in another instruction."

The contention is that this is a charge upon a matter of fact, that it tells the jury the absence of sufficient appliances *fully* to protect the plaintiff in the operation of the machine would be negligence, and further that it does not charge that the defective machine must be shown to be the proximate cause of the injury. The appellant is wrong in its contention. The instruction does not go to any such lengths as claimed, but correctly states in general terms the burden cast upon the plaintiff in the conduct of her case.

It is next insisted that the court erred in giving instruction numbered XVII, which was as follows:

"The court instructs you that the plaintiff's continuing to work on defendant's mangle, after being warned of the dangerous character of the machinery, was not an act of contributory negligence on her part, nor was she guilty of contributory negligence by reason of continuing to feed into the mangle the articles of laundry to be ironed by the mangle, after getting her fingers pinched in the rollers of the mangle (if you should find she did get them so pinched)."

As an affirmative defense the answer alleges "that any injuries which may have been suffered by plaintiff in connection with the operation of the mangle referred to in said complaint were proximately caused by the negligence and carelessness of plaintiff herself." The case was tried throughout upon the theory that contributory negligence of the plaintiff was alleged as a defense. Consequently it is not necessary to examine, critically, the above allegations to determine whether the defense was well pleaded, or whether it is faulty within the decision in *Crabbe* v. *Mammoth etc. Co.*, 168 Cal. 500, [143 Pac. 714]. In such cases the parties are precluded from raising, on appeal, the objection that the pleading is insufficient. (*Illinois etc. Bank* v. *Pacific Ry. Co.*, 115 Cal. 285, 297, [47 Pac. 60]; *Gervaise* v. *Brookins*, 156 Cal. 112, [103 Pac. 332].) The instruction is correct. The issue was whether or not the plaintiff's negligence contributed to the injury complained of. This question depended on what occurred at the time of the injury and what she did at that time, if anything, tending to cause it. Her previous conduct in continuing in service, after being warned that there was danger, might have had some tendency to show that she assumed the risk, if that defense had been available to the defendant, but it had no tendency to show that she was careless in manipulating the mangle in its dangerous condition.

Lastly it is insisted that the amount of the verdict is excessive. Appellant concedes that the rule is well established that upon appeal the decision of the trial court and the verdict of the jury on the subject of damages cannot be set aside on this account unless the verdict is "so plainly and outrageously excessive as to suggest, at first blush, passion or prejudice or corruption on the part of the jury." (*Hale*

v. *San Bernardino etc. Co.,* 156 Cal. 715, [106 Pac. 83], and cases there cited.) There was evidence that she endured great torture, the injured hand even paining her at the time of the trial nearly a year after the accident, that the injury caused a hemorrhage in the hand a few weeks after the accident, that she was confined to the hospital for more than four months, that numerous operations on her hand were necessary during the year following the injury. The injured hand was her right hand, the fingers are stiff and almost immovable, and the hand is, and probably always will be, practically useless. Considering the nature of these injuries and their permanent character, together with the suffering already caused to the plaintiff, it cannot be said that the verdict was so excessive as to warrant the conclusion that it was the result of "passion or prejudice or corruption on the part of the jury."

The judgment and order are affirmed.

Lawlor, J., and Sloss, J., concurred.

Hearing in Bank denied.