[L. A. No. 4180.  Department One.—May 8, 1918.]

## JOHN SCHERER, Respondent, v. J. M. DANZIGER, Appellant.

NEGLIGENCE—EMPLOYER AND EMPLOYEE — INJURY TO EMPLOYEE — SAFE PLACE TO WORK.—In this action against an employer by an engineer employed to run a pumping plant, for damages sustained by having his hand drawn into a cogwheel, it is held that the evidence warranted a verdict that the defendant had failed in his duty to use ordinary care to furnish the plaintiff a reasonably safe place to work.

ID.—EMPLOYERS' LIABILITY ACT OF 1911—ASSUMPTION OF RISK—NEGLIGENCE OF FELLOW-SERVANT—CONTRIBUTORY NEGLIGENCE.—Under the Employers' Liability Act of 1911 (Stats. 1911, p. 796), in force at the time of the accident involved in this case, the defenses of assumption of risk and negligence of a fellow-servant were not available to the defendant employer, nor was the plaintiff's right of action destroyed by his contributory negligence, if any; but if his contributory negligence was slight and that of the defendant employer gross, the plaintiff was still entitled to recover, the jury being permitted to diminish the damages in proportion to the amount of negligence attributable to the plaintiff.

ID.—ALTERATIONS IN PLACE OF WORK.—There was no force in the defendant's claim that the element of danger was created by alterations in the place for working, and that these alterations were made in accordance with the plaintiff's own suggestions, since they had the approval of the defendant, and also because the alterations, when carried out in accordance with the plaintiff's plan, included a covering over the cogwheels into which the plaintiff's hand was drawn, and this covering was removed by the order of the foreman under whom plaintiff was working.

ID.—NOTICE TO FOREMAN AS NOTICE TO EMPLOYER.—The foreman in such case being in control of the plant, his knowledge of the removal of the cover over the cogwheels was notice to his employer, the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Willis I. Morrison, Judge.

The facts are stated in the opinion of the court.

W. N. Goodwin, and Hunsaker & Britt, for Appellant.

Gray, Barker & Bowen, and Wheaton A. Gray, for Respondent.

SLOSS, J.—Plaintiff recovered damages for personal injuries suffered by him while in the employ of the defendant. The defendant appeals from the judgment and from an order denying his motion for a new trial.

The plaintiff was an engineer, and was employed to run a pumping plant on defendant's ranch. The plant, comprising a gasoline engine and two pumps, was located in a pumphouse. The engine and one of the pumps stood on the main floor of the house, and the other pump was in the basement. Power was transmitted from the engine to the pumps by means of belts. The pump on the main floor was fitted, among other parts, with a cogwheel twenty inches in diameter, which meshed with a smaller gear wheel or pinion. The plaintiff had been tightening the nuts on stuffing-boxes on the side of this pump. Having done this, he wiped the nuts with a rag held in his right hand. He then turned to leave the pump, and as he was passing by the cogwheels the rag which he held was caught in the gears, drawing his hand into the wheels, and causing the injuries of which he complained. The negligence charged consisted of the defendant's act in requiring the plaintiff to remove from the cogwheels a cover which he had theretofore placed over the same, thus leaving the cogwheels uncovered and unprotected. There will be no occasion to discuss the further claim that defendant was negligent in failing to furnish plaintiff with cotton waste for wiping the machinery.

The answer denied any negligence on the part of the defendant, and set up an affirmative plea that plaintiff's injuries were caused by his own negligence.

It is argued that the evidence was insufficient to warrant a finding of negligence on the part of the defendant. This contention cannot be sustained. Taking, as upon this appeal we are bound to do, the version of the evidence most favorable to the plaintiff's claims, we may fairly say that the record shows this state of facts: During the entire time of plaintiff's employment, one Moebius was in general charge of the defendant's ranch as foreman. His authority was superior to that of the plaintiff, and he had power of direction and control

over the latter. Soon after the plaintiff entered the defendant's employ, he suggested certain changes in the arrangement of the pump-house, and these were carried out with the defendant's consent. The belt transmitting power to the lower pump ran down one side of a flight of stairs leading to the basement. Among other changes, the plaintiff extended a wooden platform over this side of the stairs, and moved to the edge of the extension an iron railing which before had run within a few inches of the cogwheels on the upper pump. This left a space of some eighteen inches between these wheels and the railing. The purpose of the alterations was to give plaintiff easier access to the upper pump and to obviate the danger of contact with the belt. With things in this condition, the plaintiff regarded the exposed cogwheels as dangerous, and constructed a sheet-iron cover, which he placed over the cogwheels. Soon thereafter Moebius, the foreman, objected to the cover, which apparently caused some noise in the operation of the machinery. After several discussions, he finally ordered the plaintiff to take the cover off. The plaintiff replied, "If I have to take it off now, I will take it off, but you have to take the responsibility if anyone gets hurt." The foreman persisted in his command, and the plaintiff removed the cover. On the following day the accident occurred.

This evidence fully warranted the jury in finding that the defendant had failed in his duty to use ordinary care to furnish to his employee a reasonably safe place in which to work. The plaintiff was not obliged to prove that the defendant had personal knowledge of the removal of the cover. Moebius was in full control of the plant, and notice to him was, of course, notice to his principal. There is no force in the claim that there would have been no element of danger in the situation if the location of the railing had not theretofore been changed in accordance with the plaintiff's own suggestions. The alterations had the approval of the defendant, and, if carried out according to plaintiff's ideas, would have included the covering of the cogwheels. The dangerous condition was created, not by the adoption of plaintiff's plan, but by the elimination of an important part of that plan.

When the accident occurred, the Employers' Liability Act of 1911 (Stats. 1911, p. 796) was in force. Under that law the defenses of assumption of risk and negligence of a fellow-servant were not available to the defendant. Nor, under that statute, was the plaintiff's right of action destroyed by the

fact that he may have been guilty of contributory negligence. He was still entitled to recover, if his contributory negligence was slight and that of the employer was gross in comparison, the jury being permitted to diminish the damages "in proportion to the amount of negligence attributable to such employee." (*Perry* v. *Angelus Hosp. Assn.*, 172 Cal. 311, [156 Pac. 449].) Regardless, however, of any comparison of negligence, it cannot be said that the evidence required a finding that the plaintiff was guilty of negligence at all. He was, it is true, aware of the uncovered condition of the gears, and of the danger involved in coming in contact with them. But his duties required him to work at the pump to which the gears were attached, and it was clearly a question for the jury whether, in leaving the pump, he was exercising ordinary care in his manner of carrying the rag which caught in the gears, or in other respects. It appeared that the engine was fitted with two clutches, by means of which either pump might be stopped without interrupting the motion of the engine or of the other pump, and it is argued that it was negligent for the plaintiff to go to the pump to tighten the nuts on the stuffing-boxes without first stopping the pump by means of the clutch. But this again was a question of fact for the jury. The plaintiff testified that the stuffing-boxes had to be tightened frequently, that it was not customary to stop the pump when that work was done, and that "no employer would stand for anybody stopping a pump" for such work. The facts do not bring the case within the exceptional class of those in which a court is warranted in declaring, as matter of law, that negligence has been established. In any event, the jury was certainly authorized to find that the plaintiff's negligence, if any, was slight, and that of the defendant, comparatively speaking, gross, and to diminish the damages accordingly. Proper instructions covering this phase of the law were given.

The court's charge to the jury, as a whole, was full, clear, and correct. The appellant attacks certain instructions given or modified, but we think his criticisms, if well founded at all, are directed to points too unimportant to have affected the result. Of the single assignment of error in the admission of evidence, it may likewise be said that the ruling did not work substantial prejudice to the defendant.

The judgment and the order denying a new trial are affirmed.

Richards, J., *pro tem.*, and Shaw, J., concurred.