[Civ. No. 2615.   Second Appellate District, Division One.—April 11, 1919.]

## VINTON E. DURAN, Respondent, v. YELLOW ASTER MINING AND MILLING COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE — ACTION FOR DAMAGES FOR PERSONAL INJURIES — BREAKING OF ROPE—WANT OF SATISFACTORY EXPLANATION—INFERENCE—FINDING.—In an action for damages for personal injuries suffered by plaintiff through the breaking of a rope which was being used by defendant's employees, including plaintiff, in putting back and placing a dump-car upon the track off which it had rolled, if the evidence produced by the plaintiff showing his injury by reason of the breaking of the rope is such as to raise an inference of negligence, in the absence of a satisfactory explanation of the circumstances on the part of the defendant, it cannot reasonably complain against the finding of such negligence.

[2] ID.—CAUSE OF INJURY — CONTROL OF DEFENDANT — EVIDENCE OF WANT OF CARE.—When a thing which causes injury is shown to be under the management and control of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.

[3] ID.—SPONTANEOUS EXCLAMATIONS—ADMISSIBILITY AS EVIDENCE.— In an action for damages for personal injuries, evidence of a spontaneous declaration uttered by the plaintiff at the time of the injury is admissible.

[4] ID.—MEASURE OF DAMAGES—INSTRUCTIONS.—In an action for damages for personal injuries, it is not error to instruct the jury that "if from the evidence in this case, the jury should find that the plaintiff has sustained damages as alleged in his complaint, then, to enable the jury to estimate the amount of such damages, it is not necessary that any witness should have testified or expressed an opinion as to the amount of such damages, but the jury may make such estimate from the evidence in the case and by considering them in connection with their own knowledge and experience in the affairs of life," where in other instructions the jury is plainly told that if they find for the plaintiff they should award to him only such actual damages as the evidence showed that he had sustained . . . ," taking into consideration his loss of earnings (if any), necessary expenses in medical and surgical aid, so far as the same appear in evidence in this case (if any)."

[5] Id.—Amount of Damages Awarded—Evidence.—In this action for damages for personal injuries, in view of the fact that the plaintiff was compelled to undergo much suffering and there was evidence tending to show permanent disability affecting two fingers of his right hand, and other disabilities still continuing at the time of the trial, which was nearly two years after the date of the accident, there was no such discrepancy between the evidence and the amount of the damages awarded as to raise an inference that the verdict must have been influenced by passion or prejudice on the part of the jury.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Curtis D. Wilbur, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ward Chapman for Appellant.

Frank P. Doherty and B. Rey Schauer for Respondent.

CONREY, P. J.—The defendant appeals from a judgment in the sum of four thousand dollars and from an order denying its motion for a new trial. The case was tried by jury. The action was brought to recover damages for personal injuries suffered by the plaintiff while in the employ of the defendant. It was alleged that the accident and injury were caused by negligence of the defendant, which negligence consisted in the selection and use of a rope which was insufficient in size, weight, and strength to sustain and hold the weight of a dump-car which had rolled off the track and down the side of the dump, and the accident occurred while defendant's employees, including the plaintiff, were engaged in putting back and placing the car upon the track.

Appellant's principal contention is that the evidence is not sufficient to justify the implied finding of negligence. Counsel for appellant claims that, aside from the fact that the rope broke, the plaintiff offered no evidence whatever of any lack of care on defendant's part in the selection of the rope or in the manner of fastening it, or in any act committed or omitted, unless possibly certain testimony that an engine was permitted to run over the rope where it was tied on the track before the accident was intended to give rise to an inference of negligence.

The evidence is undisputed that a new rope of the size and quality used is good for four thousand pounds dead weight on a vertical lift, and if it is a slightly used rope, one-third should be deducted. The rope in question had been used. There is no evidence referring to the tensile strength of such a rope when resisting a sudden jerk or shock; so far as the evidence shows, it may be that such a rope would have broken under a sudden strain produced by an object weighing much less than two-thirds of four thousand pounds. It was stipulated that the weight of the truck and running gear of the car was one thousand six hundred pounds; that the weight of the bed independent of the running gear and truck was about one thousand two hundred pounds, making a total weight of two thousand eight hundred pounds; and appellant claims that the rope was attached to the truck and running gear at the time of the accident and that the bed of the car was lying apart from the truck and running gear. [1] If the evidence produced by the plaintiff showing his injury by reason of the breaking of the rope was such as to raise an inference of negligence, then, in the absence of a satisfactory explanation of the circumstances on the part of the defendant, it cannot reasonably complain against the finding of such negligence. There being no evidence necessarily proving that the rope was reasonably sufficient to resist a sudden strain caused by an object weighing one thousand six hundred pounds, we cannot say that the jury's conclusion upon the matter of insufficiency of the rope was not sustained by the evidence. Defendant's superintendent, C. H. Frye, was present at the time and place of the accident. He testified as a witness on behalf of the defendant. According to his testimony, there was nobody pulling on the rope; it was simply there as a guide to hold the car while the men were working, and when they lifted the lower side up the car came down a little bit and snapped the rope. "As soon as the car was lifted out of the muck on the side that Mr. Duran was working on, you see, it pulled the rope taut and it snapped."

There does not appear to have been any close inspection of the rope before it was used. Mr. Frye says: "I did not examine the rope myself to see if it was in good condition; if the rope looks all right nobody pays any attention to it." At the commencement of the work one end of the rope was tied to the car and the other end was tied around the two

tracks on the grade above. Afterward and before the moment of the accident an engine had run over the rope and cut it in one place. Where the rope ran over the other rail of the track the rope was not cut, and there is no evidence showing the extent to which the rope may have been mashed and weakened in any part except where it was cut. It does not appear that any inspection was made by the defendant for the purpose of determining that fact. That part of the rope which had been cut was taken out and was not in use at the moment of the accident. So far as the evidence shows, that part of the rope which was not cut, but which had been run over by the engine, may have been in use at the moment of the accident and may have been the part of the rope which yielded under the strain and caused the accident. Under the evidence the jury would have been justified in determining that this was the fact.

[2] In connection with his claim that the evidence does not show any fact or circumstance from which negligence on defendant's part can be deduced, counsel for appellant endeavors to apply the rule that no inference of negligence can be implied from the mere fact that the injury occurs. Such cases as *Madden* v. *Occidental Steamship Co.*, 86 Cal. 445, [25 Pac. 5], and *Sappenfield* v. *Main Street R. R. Co.*, 91 Cal. 48, [27 Pac. 590], are cited as sustaining this rule. Those decisions and others are cited and discussed in *O'Connor* v. *Mennie*, 169 Cal. 217, [146 Pac. 674]. The rule is affirmed that when a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence in the absence of explanation by the defendant that the accident arose from a want of care. It is proper to say here, as was said in that case, that in order to make a sufficient case for the jury it was not incumbent on the plaintiff, under the circumstances appearing, to do anything further than he did do in the way of showing that the defect in the appliance was actually known to the defendant, or would have been discovered upon the exercise of reasonable care to ascertain its condition. We think that the evidence is sufficient to sustain the finding of negligence.

There are two exceptions to rulings of the court on the admission of testimony. The first exception is based upon

the claim that certain redirect examination of the plaintiff which was allowed by the court was indulged for the purpose of conveying to the jury the information that the defendant was a rich corporation. Without setting forth this evidence, it is enough to say that it had another and unquestionably legitimate purpose, to which such evidence was pertinent. The exception is not sustained. **[3]** The second exception relates to a question asked of plaintiff's witness Kelly as to whether or not he, at a time after the accident when plaintiff was seeking to use a rake, heard plaintiff utter any exclamation. Defendant objected to this upon the ground that it called for a self-serving, hearsay declaration, and was incompetent, but the court overruled the objection on the theory that the plaintiff was calling for a spontaneous exclamation, and the witness answered that the exclamation was, "My God, it hurts." There was no error in overruling this objection. (*Dow* v. *City of Oroville*, 22 Cal. App. 215, 226, [134 Pac. 197].)

**[4]** It is claimed that the court erred in its instructions on the measure of damages. The particular instruction selected by appellant for criticism is the following: "If, from the evidence in this case, the jury should find that the plaintiff has sustained damages as alleged in his complaint, then, to enable the jury to estimate the amount of such damages, it is not necessary that any witness should have testified or expressed an opinion as to the amount of such damages, but the jury may make such estimate from the evidence in the case and by considering them in connection with their own knowledge and experience in the affairs of life." Counsel say that this is a true rule in so far as the award had reference to the element of suffering or impairment of health, but is wholly incorrect in so far as loss of earnings or medical expense is concerned. The decision in *Rouse* v. *Pacific Electric Ry. Co.*, 27 Cal. App. 772, [151 Pac. 164], relied upon by appellant here, is not in point. The instruction discussed in that case referred particularly to the plaintiff's loss of earning power and told the jury that "it is not necessary that evidence should be presented in this matter." It was held that in giving such instruction the court erred; but no corresponding statement or inference is contained in the instruction presented for consideration here. Moreover, in other instructions given, the jury were plainly told that if

they found for the plaintiff, they should award to him only such actual damages as the evidence showed that he had sustained, etc., "taking into consideration his loss of earnings (if any), necessary expenses in medical and surgical aid, so far as the same appear in evidence in this case (if any)."

[5] Finally, appellant claims that the amount awarded as damages was grossly excessive. The plaintiff was compelled to undergo much suffering and there is evidence tending to show permanent disability affecting two fingers of his right hand, and other disabilities still continuing at the time of the trial, which was nearly two years after the date of the accident. There is no such discrepancy between the evidence and the amount of damages awarded as to raise an inference that the verdict must have been influenced by passion or prejudice on the part of the jury. (*Perry* v. *Angelus Hospital Assn.*, 172 Cal. 311, [156 Pac. 449].)

The judgment and order are affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 9, 1919.

All the Justices concurred.