[Civ. No. 3396.   Second Appellate District, Division Two.—October 7, 1921.]

## OSCAR LEHNER, Respondent, v. SUE A. McLENNAN et al., Appellants.

[1] PLEADING — COMMON COUNT — WORK AND LABOR — SPECIAL CONTRACT.—In an action for work and labor performed, if the complaint is in the form of a common count it is not rendered demurrable on special grounds by reason of the inclusion therein of an allegation to the effect that the defendant agreed to pay for the work and labor "upon a special contract."

[2] NEGLIGENCE—FUMIGATION OF TREES—EVIDENCE.—In this action for
work and labor performed by plaintiff in the fumigation of de-
fendants' orchard, wherein the defendants by cross-complaint
sought to recover damages for injuries alleged to have been
caused to their trees and fruit because of the alleged negligence
of plaintiff in the performance of the work, the trial court was
amply justified in finding that the damage, if any, to defendants'
trees was not occasioned by any negligence on the part of plaintiff.

APPEAL from a judgment of the Superior Court of San
Diego County. Edgar A. Luce, Judge. Affirmed.

The facts are stated in the opinion of the court.

William H. Wylie and A. J. Morganstern for Appellants.

L. N. Turrentine for Respondent.

WORKS, J.—Plaintiff sued defendants upon a contract
for the fumigation of their orchard. Defendants cross-com-
plained for damages to their trees and fruit because of the
alleged negligence of plaintiff in his performance of the
agreement to fumigate. Judgment went for plaintiff upon
both controversies and defendants appeal.

Appellants' first contention is that the complaint is insuffi-
cient, as tested by the demurrer which was interposed to it
and which was overruled. The text of the complaint is:
"That within the two years last past, and on or about Oc-
tober 7th, 1918, the defendant, Sue A. McLennan, became
indebted to plaintiff in the sum of three hundred sixteen
dollars and fifty cents for work and labor performed at
her special instance and request, and materials furnished
with said work and labor, and that said defendant, Sue A.
McLennan, expressly agreed to pay said sum of three hun-
dred sixteen dollars and fifty cents for said work and
labor upon a specific contract to do said work and labor, at
said agreed price." The demurrer to this pleading was
both general and special, the specific grounds being that
the complaint is uncertain and ambiguous in that the terms
of the alleged contract cannot be ascertained from it.

[1] In making their point appellants direct attention to
the allegation that defendant Sue A. McLennan agreed to
pay for respondent's work and labor "upon a specific con-
tract." They contend that this averment states but a con-

clusion of law and that it makes the assailed pleading obnoxious to the demurrer. Up to the point where the language mentioned is used the complaint is a fair example of pleading under the common counts, and the clause to which objection is taken may be regarded, very properly, as surplusage. Even, however, if it were not so viewed, it does not render the complaint demurrable on special grounds as stating a conclusion of law, for the common counts, as ordinarily couched, present in their entirety nothing more than a succession of conclusions. After stating the well-settled rule that a "common count" is not subject to general demurrer, the supreme court said, in *Pike* v. *Zadig,* 171 Cal. 273 [152 Pac. 923]: "There have been intimations in this court that such a pleading, although not obnoxious to a general demurrer, might fall before a special demurrer on the ground of uncertainty. We think, however, that there is no force in this suggestion. If there be any objection to the common count, it is that the pleading states conclusions of law instead of setting forth the facts upon which the plaintiff relies. The real ground of objection, therefore, is that the complaint does not state facts sufficient to constitute a cause of action. But, as we have seen, this objection is not maintainable" (see, also, *Camp* v. *Boyd,* 41 Cal. App. 83 [182 Pac. 60]). The demurrer was correctly overruled.

Appellants' next point is that the evidence was insufficient to support the trial court's finding as to the amount due respondent; but without reciting any considerable portion of it we are satisfied that the evidence on the question was ample. It is enough to say that, in addition to the witnesses called for respondent, appellant Sue A. McLennan herself testified that the only reason she failed to pay respondent's claim was because of the alleged injuries to her trees. From this statement and from others made by her it is evident that there was no doubt in her mind as to the correctness of the amount of respondent's bill.

[2] Under the claim for damages made in their cross-complaint appellants contend that respondent was in exclusive control of the orchard while the work of fumigation was going on and that, therefore, the doctrine of *res ipsa loquitur* applies to the case. Respondent disputes this con-

tention, but he insists, also, that if the controversy is to be governed by that rule he still is not liable to appellants. We find it necessary to concern ourselves only with this latter point. As defining the rule *res ipsa loquitur* appellants refer to *Duran* v. *Yellow Aster Min. Co.,* 40 Cal. App. 633 [181 Pac. 395], and to *Bourguignon* v. *Peninsular Ry. Co.,* 40 Cal. App. 689 [181 Pac. 669]. In the opinion in the first of these cases it is said that "when a thing which causes injury is shown to be under the management of the defendant and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence in the absence of explanation by the defendant that the accident arose from want of care." Taking this statement as our guide, and considering, as well, what is decided in the second case cited by appellant, we have no doubt that the evidence adduced by the cross-defendant was of such a character that the trial court might very well have concluded that the damage to appellants' trees, if there was any such damage, was sufficiently explained. The men who did the work testified as to the proper technique in the performance of such services and as to the manner in which this particular job was done by them, as did also their manager. Several experts testified, too, that damages of the nature claimed by appellants to have been caused their orchard will often occur where a fumigating job is conducted in the best possible manner and that there is no satisfactory way of accounting for damages resulting in such cases. We are convinced that the trial court was amply justified in finding that the damage to appellants' trees, if any, was not occasioned by the negligence of respondent.

One of the expert witnesses was asked, "As far as you observed were all these men using good care and doing the job in an efficient manner?" Upon objection the court ruled that the question was proper to be addressed to an expert and it is contended that the ruling was erroneous. If it be admitted, which we do not decide, that the court was in error in this ruling, the action was not prejudicial. Before the question to which exception was taken was put to him, the same expert witness had been allowed, without

objection, to answer this question: "In your judgment was it [the fumigation] done in a careful and prudent manner?"

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.