[Sac. No. 3765. In Bank.—January 18, 1927.]

D. ROBINET, Respondent, v. E. L. HAWKS et al., Appellants.

[1] NEGLIGENCE—EMPLOYER AND EMPLOYEE—DEFENSES—ASSUMPTION OF RISK—ROSEBERRY ACT.—Under the Roseberry Act, assumption of the risk of the employment is no defense to an action by an employee against his employers for damages for alleged negligence, and the doctrine of relative negligence modifies the old rule of contributory negligence.

[2] ID.—WANT OF ORDINARY OR REASONABLE CARE OF EMPLOYER—CONTRIBUTORY NEGLIGENCE OF EMPLOYEE.—Under the Roseberry Act, an employee may recover if he is injured in the course of his

---

1. See 16 Cal. Jur. 1080.
2. See 16 Cal. Jur. 1060.

employment through the want of ordinary or reasonable care of the employer; and in such cases the fact that the employee may have been guilty of contributory negligence does not bar a recovery where his contributory negligence was slight and the negligence of the employer was gross in comparison.

[3] ID.—ACTION BY FARM HAND—NEGLIGENCE OF EMPLOYER.—In an *action by a teamster, whose duty it was to drive a team in an orchard to gather loaded boxes of fruit,* for damages for injuries received by him when thrown from the wagon by a sudden lurch, the jury was justified in finding the defendants negligent in allowing a deep hole in the ground to remain where the employee was expected to go, into which the wagon-wheel sank to the hub, throwing the employee to the ground, the view of which hole was hidden by the presence of grasses and weeds, also in not providing a wagon which had either a seat or a stanchion or some other device with which the employee might steady himself in case of emergency, and in providing no means of holding the boxes of fruit on the wagon floor to prevent the bottom layer of boxes from sliding off in case of a sudden lurch or tilting of the wagon.

[4] ID.—CONTRIBUTORY NEGLIGENCE.—In such an action, it cannot be said as a matter of law that the plaintiff was guilty of contributory negligence, to say nothing of gross negligence, in sitting on three of the fruit boxes piled one upon the other, to a height from forty-five to fifty inches, and thus driving the team, with no seat, stanchion, or other device by which he could hold on or steady himself.

[5] ID.—GROSS OR CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.— In such a case, the questions of gross or contributory negligence, like the question of negligence on the part of the plaintiff, are proper questions, under the evidence, for the consideration of the jury alone.

[6] ID.—INSTRUCTIONS—ASSUMPTION OF RISK—DEGREE OF CARE.—An instruction to the jury, in such a case, which, standing alone, would be erroneous in that it excludes application of the principle that the employers are required to exercise only reasonable care in seeing that the place and tools of employment provided for their employees are safe, is not prejudicial to the employers, where all the instructions, when read as a whole, are not erroneous and are in reality more favorable to the defendants than the law requires.

[7] ID.—EVIDENCE—CUSTOM.—In such a case, there was no injury to the defendants in sustaining objection to a question as to whether it was customary to furnish anything for the teamsters to hold to on the wagon, where another witness was allowed to testify without objection to the method used by such teamsters.

5. See 19 Cal. Jur. 720.

[8] ID.—USAGE—INADMISSIBILITY OF.—The doctrine of customary usage does not apply to the question of legal duty under the law of negligence.

---

(1) 39 C. J., p. 264, n. 91, p. 691, n. 85, p. 824, n. 99.    (2) 39 C. J., p. 854, n. 1.    (3) 39 C. J., p. 1058, n. 39.    (4) 39 C. J., p. 1194, n. 35.    (5) 39 C. J., p. 1194, n. 35; 29 Cyc., p. 643, n. 32.    (6) 4 C. J., p. 918, n. 42; 39 C. J., p. 1220, n. 67, p. 1230, n. 56; 38 Cyc., p. 1778, n. 73, p. 1779, n. 75, 76.    (7) 4 C. J., p. 1010, n. 7; 39 C. J., p. 1027, n. 79.    (8) 29 Cyc., p. 435, n. 42.

APPEAL from a judgment of the Superior Court of Sacramento County. Malcolm C. Glenn, Judge. Affirmed.

The facts are stated in the opinion of the court.

White, Miller, Needham & Harber for Appellants.

Ray T. Coughlin and H. W. McGowan for Respondent.

PRESTON, J.—Defendants are farmers and owners of a team and wagon driven by plaintiff on defendants' ranch. Plaintiff was employed as a teamster collecting boxes of fruit, and was injured by being thrown' off the wagon he was driving, along with the load of fruit thereon, for which injuries so sustained he sought judgment against defendants from the court sitting with a jury and charging defendants with negligence in and about the matters alleged in the complaint.

Defendants denied negligence and pleaded that the injuries received by plaintiff were solely the result of his own negligence. Upon the issues thus made the jury awarded plaintiff one thousand dollars in damages and the trial judge gave judgment on the verdict, from which judgment defendants have appealed.

Appellants urge that the evidence is such as to preclude a finding of negligence on the part of defendants; also that the evidence shows conclusively that the plaintiff's negligence was the sole cause of the injuries received by him; also that the court misdirected the jury in that it told them that defendants were insurers of the safety of their premises, and of the appliances used by plaintiff as their employee; and

8. See 19 Cal. Jur. 581.

lastly, that the evidence offered by defendants to the effect that the equipment and appliances furnished plaintiff by the defendants were those customarily used for such purposes was erroneously excluded by the court. We shall discuss these questions in the order named.

It must be borne in mind that the relationship here between the parties is that of employer and employee, which makes what is known as the Roseberry Act (Stats. 1911, p. 796) applicable, excluding, however, from operation herein the so-called Workmen's Compensation Act. (Stats. 1913, p. 279.)

[1] Under the Roseberry Act assumption of the risk is no defense to an action of this character, and the doctrine of relative negligence modifies the old rule of contributory negligence. (*Hackelberry* v. *Sherlock*, 39 Cal. App. 764 [180 Pac. 37], where numerous cases are cited; *Elder* v. *Rose*, 63 Cal. App. 545 [219 Pac. 74].)

[2] Under this act plaintiff may recover if he is injured while in the course of his employment through "the want of ordinary or reasonable care of the employer," and in such cases "the fact that such employee may have been guilty of contributory negligence shall not bar a recovery therein where his contributory negligence was slight and that of the employer was gross in comparison."

As we have seen, the plaintiff was employed by the defendants as a teamster, his duties being to drive along between the rows of peach trees, gather up the loaded boxes and drive them to the place desired by the employer. Plaintiff's duties were purely those of driving the team, as he had helpers in other departments of the work. On the morning of the accident he was instructed to drive a team attached to an ordinary farm wagon throughout the orchard for the purposes above stated. The wagon floor or bed was without sides other than a rim around it about four inches high, and there was no device by which the driver could hold on. Portions of the territory over which he drove the team were covered with Bermuda grass and weeds, the latter being, as certain witnesses testified, about three feet high. The ground was rough, and it was admitted that the orchard had been irrigated by means of ridges thrown up by a disc and also by ditches; that after the irrigation sea-

son was over these ridges had not been smoothed down. One witness testified that it was customary in the vicinity, before the harvesting season began, to smooth down the ground so as to permit the access of teams along the rows of trees.

The evidence also showed that there may have been irrigation ditches left open, wash-out holes, called by some "cat-holes," and holes caused by the taking out of old trees in the orchard preparatory to the planting of new trees therein; also that in places where these grasses and weeds were, the ordinary eye could not detect the presence of wash-outs or holes.

The evidence showed that on the day of the accident, while driving through the orchard, and upon making a turn therein, the wagon gave a lurch, which threw the plaintiff, together with his load of fruit, violently to the ground, rendering plaintiff unconscious for a short period of time and giving him the injuries complained of. When plaintiff finally recovered his senses and investigated his condition he found the wagon with one wheel in a hole, hub-deep, with the surrounding ground rough, and with weeds which may well have obscured plaintiff's view. Also about half the orchard was in a similar condition as to grasses, weeds, and roughness.

Plaintiff testified that he was a careful driver, with thirty-five years' experience, and that he had never experienced any trouble before in executing his work. He admitted, however, that at the time of the accident he was sitting on top of three of the lug-boxes, piled one on top of the other. The height of each of these boxes is some fifteen or sixteen inches.

There was no evidence that defendants or their employees had any actual notice that the hole existed by reason of which plaintiff was injured, but it is admitted that no effort was made to smooth down the irrigation ridges and that defendants relied upon the presence of the wagon-wheels to smooth down these ridges, which they said were of a sandy material.

[3] It is too clear for controversy that the jury would have been warranted in believing all or either of the following propositions: (1) That it was negligence on the part

of defendants to allow a hole deep enough to bury a wagon-wheel to the hub to remain upon the premises where servants were expected to go, with the view thereof hidden by the presence of grasses and weeds; or (2) that defendants were negligent in not providing a wagon which either had a seat or a stanchion or some other device thereon with which the employee might steady himself in case of emergency; or, indeed, (3) that it was negligence on the part of defendants to have no means of holding the boxes on the wagon floor which would at least prevent the bottom layer of boxes from sliding off in case of a sudden lurch or tilting of the wagon.

There is, in our opinion, ample evidence warranting the jury in finding negligence on the part of defendants, and this by a "country-bred" jury as well as by a "town-bred" jury, of which latter type defendants complain. Negligence was properly defined by the court to the jury, and, therefore, no reason appears for setting aside the verdict of the jury for insufficiency of evidence of negligence on the part of defendants.

[4] Appellants further contend that even if negligence might be inferred it was slight as compared with the gross negligence of plaintiff in sitting down on the seat made by three of the fruit boxes piled one upon the other and driving the team while thus sitting, with no seat, stanchion, or other device by which he could hold on or steady himself. However, with the combined height of the three boxes being only from forty-five to fifty inches, we cannot say as a matter of law that the plaintiff was guilty of any contributory negligence, to say nothing of gross negligence.

It must be remembered that the boxes were filled with fruit. As we understand it, the packing was done in the following manner: A row of lug-boxes were filled with fruit and were stacked lengthwise along the center of the floor of the wagon and then on either side of the center line boxes were also packed along the side at right angles to the center line rows, with the outside end of each box tilted to the height of the rim or border around the floor bed of said wagon. This method would, if anything, make the center row of boxes the steadiest part of the entire load. Whether with three of these center rows and the plaintiff

leaning against them while standing would have placed him in less danger than if seated is indeed hard to say, but we are satisfied that the jury was warranted in finding that some better method should have been provided for the safety of plaintiff when driving a team with a wagon loaded with boxes of fruit stored thereon in the manner herein described, and that plaintiff was not guilty of gross negligence in being seated on the boxes at the time of the accident.

[5]  We are also satisfied that such cases as *Hontz* v. *San Pedro,* 173 Cal. 750 [161 Pac. 971], have no application to the facts of this case. The questions of gross or contributory negligence, like the question of negligence on the part of plaintiff, were proper questions, under the evidence, for the consideration of the jury alone, and no reason exists for our interference therewith. (*Moore* v. *Pacific Coast Steel Co.,* 171 Cal. 489 [153 Pac. 912] ; *Scherer* v. *Danziger,* 178 Cal. 253 [173 Pac. 85] ; *Lassen* v. *Southern Pac. Co.,* 173 Cal. 71 [159 Pac. 143].)

[6]  Complaint is also made of the following instruction to the jury: ''While the servant must use ordinary care and assumes the risks of his employment he is not obliged to do anything further and the employer is liable to the employee for injuries caused from defective or unsafe appliances or places of employment especially when the defects and the dangers were unknown to the employee and were not obvious to his view.

''If you find from the evidence in this case that such was the situation here, under the instructions as I have given them to you, your verdict should be for the plaintiff.''

The criticism is that the jury in practical effect were told that the defendants were insurers of the safety of plaintiff and that the elements of reasonable care and prudence were excluded from the case. The instruction is poorly drafted and not properly balanced, and if standing alone we would say it was erroneous. It is a misstatement of the doctrine of assumption of risk to the detriment of plaintiff, and standing alone it would permit also the criticism of defendants, in that it excludes application of the principle that defendants are only required to exercise reasonable care in seeing that the place and tools of employment provided for their employees must be safe.  We are also aware of the rule

expressed by the court as follows in the case of *Starr* v. *Los Angeles Ry. Corp.*, 187 Cal. 270, 278 [201 Pac. 599]: "The rule is that where an instruction directs a verdict for plaintiff if the jury finds certain facts to be true, it must embrace all the things necessary to show the legal liability of the defendant and to warrant the direction or conclusion that the plaintiff is entitled to a verdict. (*Pierce* v. *United Gas & Electric Co.*, 161 Cal. 176, 184 [118 Pac. 700], citing *Killelea* v. *California etc. Co.*, 140 Cal. 602 [74 Pac. 157].)"

To the same effect is *Fidelity etc. Co.* v. *Paraffine Paint Co.*, 188 Cal. 184, 192 [204 Pac. 1076].

But it will be noted that said above-quoted instruction does not undertake to be a so-called "formula" instruction, for it contains within it these saving words "If you find from the evidence in this case that such was the situation here, under the instructions as I have given them to you . . . " Elsewhere in the instructions the court proceeds to say:

"A master is bound to use reasonable care to prevent injuries to his servants in the course of their employment. . . .

"The care required of an employer is that of reasonable diligence; and reasonable diligence implies as between the employer and employee such watchfulness, caution and foresight as under all circumstances of the particular service an ordinarily careful, prudent and cautious man would exercise . . . and if you find from the evidence and under these instructions that the defendant was so negligent and the plaintiff was not guilty of any contributory negligence your verdict should be for the plaintiff.

"You are instructed that under the law of the State of California the defendant as an employer was bound at all times to exercise ordinary care in furnishing a reasonably safe place for his employee to work in and if, in the present instance, he failed to do so and by reason thereof the plaintiff without negligence on his part, sustained injuries, the defendant is liable.

"It is the duty of all employers to furnish reasonably safe places in which the employees may perform their work, and to use ordinary care to keep the place reasonably safe so

that the employee may not be exposed to danger. . . . While he is not an insurer of the safety of the employees he must use ordinary care in seeing that the place is safe in the first place and to employ the same degree of care to keep it such.

"The Court instructs the jury that if the plaintiff's injuries were the result of a pure accident, such as could not ordinarily be anticipated, and not the result of the negligence of either the plaintiff or the defendant, then the plaintiff cannot recover. He cannot recover at all. unless his injuries were caused by the negligence of the defendant."

We therefore readily conclude that when the instructions are read toegther they are not erroneous, especially to the injury of defendants, but that they are in reality more favorable to defendants than the law required, for in addition to the statement that plaintiff assumed the risk of his employment, which is not the law, the instructions also keep in the case the old doctrine of contributory negligence before any modification was made in favor of the employee.

[7] Likewise there is no substance in the contention concerning the rulings of the court in the rejection of certain evidence. During the examination of A. S. Hawk, one of the defendants herein, a juror propounded questions indicating that he was interested in the question as to whether the bed of the wagon had sides thereon, to which question defendant replied that there were no sides on the wagon, for if there were a man could not lift the fruit over them. The juror also wanted to know if the driver of the team had anything to catch hold of, and the reply to this question was in the negative, whereupon counsel for this witness propounded to him this question: "Q. Is it customary to have sides on the wagon collecting fruit in an orchard? A. No, If there were, we could not get the fruit up there." The above answer was made without objection, whereupon the following question was asked: "Is it customary to furnish anything for the teamster to hold on to on the wagon?" Objection was made that the question was "irrelevant, immaterial, and incompetent" and the court sustained the objection, stating that he did not think it was material; that the issue was what was done in this particular case rather than what the custom was. We are unable to see any error whatsoever in this ruling of the trial court.

[8] In the first place the doctrine of customary usage does not, to our knowledge, apply to the question of legal duty under the law of negligence. In *Perry* v. *Angelus Hospital Assn.*, 172 Cal. 311, 315 [156 Pac. 449], we say: "We know of no authority for the proposition that by continuing in a careless performance of duty a party transforms its negligence into due care. (*Silviera* v. *Iverson*, 125 Cal. 266 [57 Pac. 996].)"

In the second place, the wife of the defendant, Mrs. Rose Hawk, testified, without objection, at length as to the method used by the teamsters with wagons of this character. She said some teamsters sat down upon the floor of the wagon with their feet hanging off and others stood up while driving and leaned against the load of boxes; that she was not sure, but that she did not think any of them ever sat down upon the boxes while driving, although she was not sure of it. In other words, her entire testimony was in legal effect testimony as to the custom of drivers of wagons of that type in the harvesting of fruit and the gathering of fruit boxes. There was no possible injury, therefore, to defendants by sustaining this objection.

Judgment affirmed.

Curtis, J., Richards, J., Seawell, J., Langdon, J., Waste, C. J., and Shenk, J., concurred.