[Civ. No. 7877. First Appellate District, Division One.—November 21, 1931.]

FERN McGLOTHIN, Respondent, v. GUISEPPE LA-
RUSSA et al., Appellants.

No appearance for Appellant Larussa.

Ford & Johnson and Fletcher A. Cutler for Respondent.

THE COURT.—This is an appeal from a judgment entered upon a verdict against defendants and in favor of plaintiff.

The action was for damages alleged to have been sustained by plaintiff while a passenger in a jitney bus, operated by defendant Larussa, which came into collision with a truck operated by the City and County of San Francisco.

The municipality claims that the implied finding that its employee was negligent is unsupported; that the evidence shows that the sole proximate cause of the injuries complained of was the negligence of defendant Larussa, and further, that the verdict is excessive notwithstanding an order of the trial court reducing its amount. Appellant Larussa has filed no brief.

At about 8 o'clock A. M. of November 22, 1929, the jitney bus in which plaintiff was a passenger was proceeding north on the right-hand side of Valencia Street, in San Francisco. It was testified that when the jitney reached the intersection of Valencia Street with Nineteenth Street, which runs east and west, it passed the southerly curb line of Nineteenth Street at a speed of from thirty to thirty-five miles an hour. As it passed into the intersection its driver saw a five-ton truck, twenty-one feet long and seven feet wide, owned by the municipality and which had been traveling south on

Valencia Street, make a left-hand turn diagonally across the northerly half of the intersection and directly in front of the jitney. The truck passed to the north of the button in the center of the intersection, and, although the driver of the jitney attempted to avoid it, a collision occurred. The testimony was sharply conflicting as to the speed of the vehicles, but sufficient appears to justify the conclusion that the speed of both was excessive under all the circumstances.

The municipality insists that certain witnesses whose testimony was favorable to plaintiff and unfavorable to defendants were contradicted in material particulars by other witnesses, and that their testimony should have been rejected by the jury. Without quoting therefrom it will suffice to say that we have read the testimony in question, and the same was not inherently improbable or impossible of belief.

The question of credibility of the witnesses was one for the jury (Code Civ. Proc., sec. 1847); and where the testimony is conflicting a verdict or findings based thereon cannot be disturbed even though an appellate court might think that a different conclusion should have been reached (*Clopton* v. *Clopton,* 162 Cal. 27 [121 Pac. 720]).

To warrant a verdict against defendants it was sufficient for the plaintiff to prove by a preponderance of the evidence that the negligence of each proximately contributed to the damage (*Merrill* v. *Los Angeles Gas & Elec. Co.,* 158 Cal. 499 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534]; *Springer* v. *Pacific Fruit Exchange,* 92 Cal. App. 732 [268 Pac. 951]; 19 Cal. Jur., Negligence, sec. 20, p. 572), and the question of negligence was also one for the jury (*Olsen* v. *Standard Oil Co.,* 188 Cal. 20 [204 Pac. 393]).

It was the duty of the driver of the truck in turning to the left to pass beyond the center of the intersection (California Vehicle Act, sec. 129); and it was also the duty of the jitney driver to drive his vehicle at a careful and prudent speed, not greater than was reasonable and proper, having due regard for the traffic (California Vehicle Act,

sec. 113). The evidence, though conflicting, was amply sufficient to support findings that both defendants were negligent, and that the negligence of each was a proximate cause of the damage.

The jury returned a verdict for $25,000, which later was reduced to $15,000. Plaintiff, who was twenty-eight years of age, was employed as a typist at a salary of $100 per month. As a result of the accident she suffered a depressed fracture of the skull, and, as her physician testified, not only a brain concussion, but a brain contusion, a brain tearing, his opinion being "that there were adhesions of both meninges of the brain in the fracture, which is permanent"; further, that she is "disabled from the vocation of clerk or stenographer or working as a relief telephone operator in a large business"; also that she suffered a well-marked nervous shock "the effect of which will be projected into months and years". Another physician, who performed an operation upon her skull, made necessary by her injuries, described their extent and the lacerations which she received. Plaintiff also described her injuries and their after-effects, from which she was still suffering at the time of the trial; and in this connection one of her physicians testified that she will show a lowered nervous reserve and, as a reasonable certainty, a mental type of "dynamo-pathical apoplexy",— as he explained, "periods when she is not up to standard mentally".

The verdict of a jury finding damages cannot be set aside as excessive unless it is so plainly so as to warrant the conclusion that it was the result of passion or prejudice (*Perry* v. *Angelus Hospital Assn.*, 172 Cal. 311 [156 Pac. 449]). The question in the first instance is for the trial court, and in considering an attack upon a verdict as excessive the reviewing court must treat every conflict in the evidence favorably to respondent, and give him the benefit of every inference which can reasonably be drawn in support of his claim (*Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237, 254 [116 Pac. 513]). It is a reasonable conclusion from the evidence that plaintiff's injuries were not only serious and painful, but that they will be permanent; and we cannot say as a matter of law that the amount to which the judgment was reduced is excessive.

■ Finally it is urged that the trial court unduly restricted the cross-examination of one of plaintiff's witnesses. There is no merit in this contention.

We are satisfied that the verdict on the question of the negligence of the defendants was fully supported; that the judgment as finally entered is not excessive, and that no error has been shown which would justify the reversal of the judgment.

The judgment is affirmed.