## BULLARD *v.* AMERICAN EXPRESS CO.

EXPRESS COMPANIES—RECEIPT AND DELIVERY OF GOODS—DISCRIMINATION.

> Where an express company, in apparent good faith, and with due regard to the public requirements, has assumed to fix limits in a city beyond which it will not call for or deliver packages, it is under no obligation, as to one having knowledge of the limits so fixed, to extend its service beyond them; and this is so, although such limits extend farther from its office in one direction than in another.

Error to Kalamazoo; Buck, J. Submitted December 4, 1895. Decided December 24, 1895.

Case by Chandler G. Bullard, survivor of himself and Zenas H. Bullard, late copartners, against the American Express Company, to recover damages for defendant's refusal to call for and deliver packages at plaintiff's place of business. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Samuel W. Oxenford,* for appellant:

To the point that there was an unlawful discrimination as against the plaintiff, counsel cited: *Kalamazoo Hack & Bus Co.* v. *Sootsma,* 84 Mich. 194; *New England Express Co.* v. *Railroad Co.,* 57 Me. 188; *McDuffee* v. *Railroad Co.,* 52 N. H. 430; *Witbeck* v. *Holland,* 45 N. Y. 13; *Railroad Co.* v. *Morrison,* 19 Ill. 136; *Railroad Co.* v. *Thompson,* Id. 584; *Baldwin* v. *Express Co.,* 23 Ill. 197; *Transportation Co.* v. *Newhall,* 24 Ill. 466; *Vincent* v. *Railroad Co.,* 49 Ill. 33; *People* v. *Railroad Co.,* 55 Ill. 95; *Railway Co.* v. *People,* 56 Ill. 365; *Coe* v. *Railroad Co.,* 3 Fed. 775; *McCoy* v. *Railroad Co.,* 13 Fed. 3; *Railroad Co.* v. *Express Co.,* 22 Fed. 404.

*Howard & Roos,* for appellee:

An express company is not absolutely bound, in all cases, to make delivery to the consignee in person. *Baldwin* v. *Express Co.,* 23 Ill. 197; *Gulliver* v. *Express Co.,* 38 Ill. 503.

Plaintiff should be held to have contracted with defendant with reference to its established custom as to delivery, and to be bound thereby. Schouler, Bailm. & Carr. § 519; Hutch. Carr. § 379.

MONTGOMERY, J. This is an action in case, commenced in justice's court. The declaration, in substance, alleges that plaintiff is a large shipper of celery by express from Kalamazoo to places throughout the United States, upon lines of the defendant, a common carrier; that the defendant, to collect celery and other articles for shipment in the city of Kalamazoo, and to deliver packages received by it, maintains and employs a large number of men, horses, and wagons; that since December 1, 1893, plaintiff's place of business has been at No. 506 Douglas avenue, in said city; that during the celery season plaintiff makes large daily shipments over defendant's lines, and has consigned to him packages of money in payment of celery shipped C. O. D., and other articles, of all of which defendant had notice; that plaintiff repeatedly requested defendant to call at his place of business for his shipments, and to deliver packages to him, which defend-

ant refused to do; that defendant collects for shipment from and delivers to a large number of shippers of celery and other articles, under substantially the same circumstances, conditions, and situation as the plaintiff, and for shippers at a greater distance from its place of business than plaintiff's place, and for shippers in the same locality as the plaintiff, and has unlawfully discriminated against the plaintiff by such refusal; that plaintiff has been damaged by being compelled to convey his celery to defendant's office for shipment, and procure his packages from its office. The plaintiff had judgment in the justice's court. In the circuit court the court directed a verdict for the defendant.

The evidence on the trial showed that the defendant's agents, acting in unison with the agents of other express companies, had established limits in the city, beyond which they did not go to receive goods for shipment or to deliver packages. In some instances these limits extended a greater distance from the defendant's office than plaintiff's place of business. It was also in evidence that plaintiff knew of these limits before moving into his present place of business, and before transacting the business with defendant in which the inconvenience arose which, it is alleged, caused damage to plaintiff.

At the common law, a carrier of goods was not bound to accept delivery at any place other than his place of business, or the line of travel, in the absence of a custom of receiving goods at other places. Hutch. Carr. §§ 82, 87; *Blanchard* v. *Isaacs*, 3 Barb. 388. But it is insisted that the defendant in this case, having practiced the custom of receiving goods for shipment at other points in the city than its office, was bound to furnish equal facilities to all shippers who occupy a similar position. We are not impressed with the force of this reasoning, as applied to the facts in this case. We are cited to no case in which it has been held that a carrier is bound to go beyond its line to receive goods, and, while it would not be com-

petent for a common carrier to discriminate against shippers within its fixed limits, it is not perceived why, if the company is entitled to limit its receipt of goods to its own office or place of business, it may not enlarge these limits at its discretion, without being bound to go beyond them.

The duty to deliver to the consignee is somewhat broader. Carriers on land, receiving packages, were, at the common law, generally bound to deliver to the consignee, at his residence or place of business. This rule has not been applied to carriers by water, or railroad companies, which must, of necessity, be confined to a fixed route. It has been said, however, that express companies owe their origin to this very fact, and that the nature of their business is to furnish a means of transportation and delivery to the consignee. Wood's Browne, Carr. § 230; Hutch. Carr. § 379. The question of how far this duty may be escaped by usage is not well settled. It has been held, however, that, when the business of an office is so small that the company cannot or does not keep a messenger to make personal delivery, it is not unreasonable to require the consignee to call at the office. Hutch. Carr. § 380. If this may be done, it would seem to follow that the company may, so long as the public have notice of the custom, fix limits beyond which its agents are not required to go for delivery. If it cannot do this, it is difficult to say where would be the limit. It is clear that a reasonable limit is not in all cases the city limit. Conditions are often varied. If not the city limit, can it be said that a certain number of miles from the office, in either direction, would be a reasonable limit? We think, where the company, in apparent good faith, has assumed to fix limits, having regard to the public requirements, that, with regard to persons who have dealt with it, having knowledge of this fact, it is not bound to deliver beyond these limits. We do not determine what the rights of one not having knowledge of these limits would be. This is not

such a case.  But in this case we think the court committed no error in directing a verdict for the defendant.

Judgment will be affirmed.

LONG, GRANT, and HOOKER, JJ., concurred.  MCGRATH, C. J., did not sit.