ADRIAN KNITTING CO. v. WABASH RAILWAY CO.

1. CARRIERS — GOODS — MISDELIVERY — PARTNERSHIP — APPARENT AUTHORITY OF PARTNER.

A carrier cannot excuse a misdelivery of goods on the ground that the person to whom the delivery was made was formerly a partner of the consignor, where the agent making the delivery had no knowledge of the former partnership.

2. SAME—POSSESSION OF SHIPPING RECEIPT—CUSTOM.

A custom of defendant and some other carriers to deliver goods without question to any one presenting a shipping receipt cannot be relied upon to excuse delivery to a person obtaining the receipt surreptitiously, where the custom was unknown to the consignor.

Error to Lenawee; Chester, J.  Submitted May 2, 1906.  (Docket No. 86.)  Decided July 23, 1906.

Case by the Adrian Knitting Company against the Wabash Railway Company for the misdelivery of certain goods.  There was judgment for plaintiff, and defendant brings error.  Affirmed.

February 1, 1903, Charles C. Pierce and Orville E. Fox made an agreement for a copartnership to engage in

manufacturing shoes at Adrian, Mich. The agreement
provided for an equal division of the profits and losses,
and also provided that upon all moneys advanced by
Charles C. Pierce over and above the amount advanced
by Orville E. Fox, Pierce should be credited with interest
at current rates. Pierce testifies that he expected Fox to
invest some money, and that none was forthcoming. The
parties however engaged in business, bought a plant from
the present plaintiff on contract, and began to manufac-
ture shoes, Fox being in control as manager, with one
Thomas Young as foreman. The goods manufactured
were all shipped to Beeman & Son, of Chicago. Fox
drew a salary weekly; but, on April 27, 1903, Pierce
wrote Fox a letter purporting to discharge him. Fox
accepted this letter, and left Adrian. Pierce came on and
took charge and retained Young as foreman. The court
found as a fact that the partnership was dissolved on
April 27th by Mr. Fox stepping out of the business. This
is supported by the fact of his leaving and surrendering
the business, and by testimony of his declaration to a
representative of plaintiff that he intended to have nothing
further to do with the business. On the 27th of May,
1903, four cases of shoes were shipped to Beeman & Son
over the defendant's road by Pierce, he receiving a re-
ceipt in the following words:

"Form No. 106 1-2 A.

"ADRIAN, M., 5-27-1903.

"Received in good order from the Pierce Shoe Com-
pany, by the Wabash Railway Company, to be delivered
to Beeman & Son, 147 5th Ave., Chicago, Ill., 4 cases of
shoes, weight 250.

"THE WABASH RAILWAY COMPANY,

"By W. F. BRADLEY, Agent.

" All carload freight to be loaded by consignor or un-
loaded by consignee shall be subject to a minimum charge
for trackage and rental of one dollar per day for each
twenty-four hours or portion of twenty-four detention, or
fractional part thereof after the expiration of forty-eight
hours at point of shipment, and from its arrival at point
of destination. The railroad company, however, reserves

the right to load and unload cars and charge for the same, and will be exempt from all liability for deficiency in quantity loaded in them, and from all demurrage resulting from improper handling.

"Released and at owner's risk."

This receipt was attached to the invoice and sent to Beeman & Son, at Chicago. The Pierce Shoe Company being indebted to plaintiff assigned to it the account against Beeman & Son covering this shipment, of which assignment plaintiff gave notice to Beeman & Son. Beeman & Son having the right to accept or reject goods at their option declined to receive the goods in question. Defendant's agent at Chicago notified the agent at Adrian and asked for instructions. On June 6th or 7th the plaintiff notified defendant's agent at Adrian to return the goods or hold for orders.

About this time, June 3, 1903, Mr. Fox, who was then residing in Chicago, went to Beeman & Son and desired to look over their papers and correspondence about this last shipment of goods, and took from the papers the receipt issued by defendant railway company without the consent or knowledge of Beeman & Son. Mr. Fox, upon obtaining this receipt, took it to the Wabash Railway Company in Chicago, and got the goods on June 5, 1903, without any authority from the Pierce Shoe Company or from Beeman & Son, and the receipt was in no way indorsed. The evidence shows that it was the custom of this defendant, and of the Lake Shore & Michigan Southern Railway Company, and also of the Detroit Southern Railway Company, to deliver goods to any person who produced a shipping receipt similar to the one issued in this case without making any inquiry or determining whether the person who produced the receipt was the consignee or consignor, or authorized in any way to receive the goods. It also appears that this custom was not known to the Pierce Shoe Company who shipped the goods in question. The right of action against defendant

was assigned to plaintiff, this action instituted, and a recovery had. Defendant brings error.

*Smith, Baldwin & Alexander*, for appellant.

*B. F. Graves* and *Bird & Sampson*, for appellee.

MONTGOMERY, J. (*after stating the facts*). Under the findings it is clear that Fox had no authority to receive the goods from the defendant's agent in Chicago. The finding of the circuit judge that Fox had abandoned his connection with the firm was supported by evidence, and it follows from this that he could not lie in wait and at each recurring opportunity seize the fruits of his former partner's industry. The fact that Fox had been at one time a partner was not known to the defendant's Chicago agent, so far as appears. The case cannot be rested upon any apparent authority of Fox growing out of his former connection with Pierce Shoe Co. In the absence of actual authority to receive the goods, the defendant's right to deliver must rest upon the fact that the receipt for shipment not indorsed or signed by the consignee was presented by one claiming to represent the shipper. Proof of a custom to deliver to any person who might produce the shipping receipt, which custom was unknown to the shipper, cannot avail to excuse the defendant from the burden which the law casts upon it. The defendant cannot relieve itself from liability to the true owner by delivery to one not authorized by showing that such unauthorized person has obtained and presents the bill of lading. *Sword* v. *Young*, 89 Tenn. 126; *Weyand* v. *Railway Co.*, 75 Iowa, 573 (1 L. R. A. 650, note, 9 Am. St. Rep. 513, note); *Louisville, etc., R. Co.* v. *Barkhouse*, 100 Ala. 543; *Cavallaro* v. *Railway Co.*, 110 Cal. 348.

The judgment is affirmed.

MCALVAY, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.