STOWE v. UNITED STATES EXPRESS CO.

1. CARRIERS—EXPRESS COMPANIES—HUSBAND AND WIFE.
    Delivery by the driver of an express company at plaintiff's former place of residence, as given in the city directory, was not a delivery to the consignee who had separated from his wife and no longer resided upon the premises, although she lived there.[1]

---

[1] On the question of the duty as to delivery of packages by express company, see note in 33 L. R. A. 66.

2. SAME—DELIVERY—EXCUSE FOR FAILURE.

It was not a sufficient excuse to relieve the carrier of liability that plaintiff, the consignee, left the city in the forenoon of the same day that defendant delivered the peaches at the wife's residence, and did not return until the goods had spoiled.

3. SAME—RELEASE—COMPROMISE AND SETTLEMENT.

Nor was defendant released because plaintiff signed an instrument when he presented his claim, authorizing defendant to adjust the claim and stipulating that "on such settlement I release United States Express Company from all claims and liabilities on account of loss in the above case."

Error to Kent; Perkins, J. Submitted January 27, 1914. (Docket No. 125.) Decided March 26, 1914.

Assumpsit by Ernest A. Stowe against the United States Express Company for failure to deliver a consignment of peaches. Judgment for defendant. Plaintiff brings error. Reversed.

*Hatch, McAllister & Raymond,* for appellant.

*Wilson & Johnson,* for appellee.

In this action the plaintiff seeks to recover against defendant a judgment for $1, the value of a basket of peaches. Defendant undertook to transport the peaches, and is said to have incurred liability because of its failure to deliver them to plaintiff, the consignee. Begun in justice's court, where plaintiff had judgment, the cause was appealed to the circuit court, and was there tried by the court. Plaintiff requested written findings of law and fact, which were made, proposed amendments thereto, and filed exceptions to the completed findings according to which defendant had judgment. These exceptions are to the refusal of the court to find as requested, with 13 specifications, and to the findings made, with 36 specifications. A bill of exceptions containing all of the testimony

was settled, and was accompanied by 52 assignments of error; the printed record containing 52 pages. None of the assignments of error are referred to in the brief for appellant, which contains, separate from argument, no statement of the errors relied upon, the questions involved, or the manner in which they are raised (Supreme Court Rule 40), nor is any of the argument addressed specifically to any assignment of error or to any exception.

It appears that Dallas D. Alton, residing in Fremont, on September 6, 1911, delivered to the defendant, at Fremont, a basket of peaches, consigned to plaintiff, and marked "E. A. Stowe, Grand Rapids, Mich." He prepaid the charges, and was given defendant's receipt. The peaches were a gift to plaintiff, who expected from them, he says, nothing but the pleasure of eating them. He did not know until later that the peaches had been sent to him. At some time during the same day the peaches arrived in Grand Rapids. Defendant undertook to deliver them to the consignee. For this purpose it consulted the city directory and found therein the name of plaintiff, with his residence given as No. 100 North Prospect street. In fact, plaintiff did not live at the place indicated, and had not lived there for more than a year. He lived at the Hoffman Apartments, and his place of business was, and for years had been, within one square of defendant's office. Plaintiff *had lived* for a number of years at No. 100 North Prospect street, and his wife, from whom he was separated, but not divorced, and for whom he made provision, continued to live there. The agent of defendant took the package to this address, found a man employed about the place, asked him if it was plaintiff's residence, was told that it was, saw the name E. A. Stowe upon the door plate, found no one in charge of the house, set the package in the back part of the house, and

went away. He turned in a receipt for the package, signed, "E. A. Stowe;" himself signing the name. This was in the forenoon of September 7th. Mrs. Stowe found the package about 12 o'clock, and had it conveyed to the cellar. Plaintiff left Grand Rapids about 10 o'clock on the morning of September 7th, and remained out of the city until Sunday morning, September 10th. Arriving at his office September 11th, he found two letters, one from his wife, telling him that a basket of peaches had been left at his residence, addressed to him, the other from Mr. Alton, informing him about the shipment of the peaches. When these letters were written, or were mailed, does not appear. He requested the defendant to get the peaches and deliver them at his office, which defendant did. Plaintiff refused them because they were then decayed. Defendant did not know of the estrangement and separation of plaintiff and his wife, or that plaintiff lived in the Hoffman Apartments, and did know, generally, where plaintiff's business office was. Plaintiff had previously received at his office express packages addressed as the package of fruit was addressed.

The plaintiff, on October 7, 1911, executed an order and release, authorizing the defendant to adjust a claim entered on account of the loss of the peaches with Mr. Alton, containing the statement:

"On such settlement I release United States Express Company from all claims and liabilities on account of loss in the above case."

No settlement has been made with Mr. Alton by defendant.

The principal contentions made upon this state of facts are:

*First,* that plaintiff had no property in the peaches; *second,* there was a delivery of them, which discharged defendant; *third,* if there was a failure to make

proper delivery, plaintiff's absence from the city, would have prevented a delivery to him, and no injury resulted.

OSTRANDER, J. *(after stating the facts)*. We should feel justified, after examining the brief for appellant, in affirming the judgment without examination of the record. We have concluded, however, to treat the findings of fact as presumably supported by testimony, and to consider the single exception that the facts found do not support the conclusions of law and judgment.

We have no doubt that the plaintiff may maintain the action. Defendant did not make a proper delivery of the peaches. It made no delivery. *Adrian Knitting Co.* v. *Railway Co.*, 145 Mich. 323 (108 N. W. 706); 4 Elliott on Railroads, §§ 1524, 1523; *Bullard* v. *Express Co.*, 107 Mich. 695 (65 N. W. 551, 33 L. R. A. 66, 61 Am. St. Rep. 358).

The question of most importance is whether, having still reasonable time to make delivery when plaintiff left the city, the fact that he did leave, and that during the interval before he returned the fruit perished, may be offered as an excuse which will relieve defendant from liability as a common carrier. A single case, *Hutchinson* v. *Express Co.*, 63 W. Va. 128 (59 S. E. 949, 14 L. R. A. [N. S.] 393), in which a similar excuse was held to be available to the carrier, has been brought to our attention. In that case the carrier failed to send to the consignee written notice, by mail, of the receipt of goods. It appearing that the consignee would not have received the notice if one had been sent, and that the omission of duty resulted in no injury to him, a recovery was refused. Applying such a rule here, it may be said that plaintiff was not injured by the failure of defendant to deliver the peaches. It cannot be said that upon appearances defendant was not warranted in the attempt to

deliver the peaches at the private house. If the agent of defendant had learned at the house that plaintiff did not live there, and had then made inquiry at his office or apartments, he would have learned that he was out of the city. Delivery to plaintiff could not then have been made. Delivery to any one else would have been at the peril of the defendant; there being no evidence of any custom or of any business or other arrangement of plaintiff's which would have protected defendant in making a delivery to any other person. If it had then sent a notice to plaintiff, he would have received it probably on September 11th, which was the day he learned that the fruit had been sent to him, and had arrived. The effect of the decision in *Hutchinson* v. *Express Co., supra,* is to relax the rule of the carrier's liability, a rule of public policy and convenience, "introduced to prevent the necessity of going into circumstances impossible to be unraveled." 2 Kent's Commentaries, p. 602. Plaintiff is relying here upon a strict enforcement of the rule, having in reality suffered no injury on account of its violation. The rule is rigorous; but it must be considered that a carrier may always, with certainty, even if with some inconvenience, discharge itself of its responsibility as carrier. We are of opinion that the rule should not be relaxed.

The release referred to was conditional. The claim was presented to defendant, and not allowed. It is no bar to the action.

It follows that the facts do not support the judgment, and that a judgment should have been entered for plaintiff for $1, and costs of suit.

The record is remanded to the circuit court, with direction to enter a judgment for the plaintiff. Plaintiff will recover costs of both courts.

MCALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.