[Civ. No. 3915.   Second Appellate District, Division One.—August 30, 1922.]

K. F. BEYERLE, Respondent, v. R. D. CLIFT, Appellant.

[1] NEGLIGENCE—INJURY TO MOTOR-TRUCK—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.—In an action for damages for injury to plaintiff's truck alleged to have been caused by the negligence of the defendant in the operation of an automobile driven by him, if the issue of contributory negligence is properly before the court, it is error to instruct the jury, after stating certain provisions of law defining the duties imposed upon an operator of a vehicle, that if "you believe that the defendant violated any of the provisions of the law above mentioned at the time of the accident complained of in this case, and that such violation was the proximate cause of the accident, you should find for the plaintiff."

[2] ID. — EVIDENCE—INSTRUCTIONS — OMISSION OF CONDITIONS.—If an instruction by its terms purports to state the conditions necessary to a verdict, it must state all those conditions and must not overlook pleaded defenses on which substantial evidence has been introduced.

[3] ID.—CORRECT INSTRUCTIONS — SUFFICIENCY TO OVERCOME ERROR. — The fact that the court gave other instructions on the subject of contributory negligence, the correctness of which is not challenged, was not sufficient to overcome the prejudicial character of the other erroneous instructions which overlooked the defense of contributory negligence.

[4] ID.—CONTRIBUTORY NEGLIGENCE—CONSTRUCTION OF INSTRUCTIONS — ORDINARY MEANING OF WORDS.—Where the issue of contributory negligence was properly before the court, an instruction will not be

held free from error because of the fact that the language used might be held to carry the implication that defendant's wrongful act alone, without any contributory negligence of the plaintiff, was the cause of the accident, where the natural and ordinary meaning of the words used was such as to draw the attention of the jury solely to the alleged negligence of the defendant, without taking into consideration any evidence from which contributory negligence of the plaintiff might have been inferred.

[5] ID.—EVIDENCE—FINDING—INSTRUCTIONS.—In this action for damages for injury to plaintiff's truck alleged to have been caused by the negligence of the defendant in the operation of an automobile driven by him, the evidence having been such as to warrant the jury in finding that, notwithstanding the negligence of defendant, the truck driver of the plaintiff had sufficient room to pass safely without turning into the field, as the result of which he turned over, and that his own acts under the circumstances constituted negligence which contributed proximately to the accident, that evidence warranted the court in giving an instruction upon the question of contributory negligence.

[6] ID.—PLEADING—SUFFICIENCY OF ANSWER—WAIVER OF OBJECTION.— The sufficiency of an answer to raise the issue of contributory negligence will not be reviewed on appeal where the answer plainly relied upon that defense and no demurrer thereto was interposed, and the case was tried and evidence was offered *pro* and *con* upon the theory that contributory negligence was an issue and both parties asked for instructions to the jury upon the question.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Reversed.

The facts are stated in the opinion of the court.

W. I. Gilbert for Appellant.

Rohe, Yakey & Devin for Respondent.

CONREY, P. J.—Action to recover damages for injuries to a truck owned by the plaintiff, such injuries being caused, so it is alleged, by negligence of the defendant in the operation of an automobile driven by him, by reason whereof it became necessary for the operator of plaintiff's truck to drive the truck entirely off the highway, in order to avoid a collision with the defendant's automobile. As a result of its being so driven off the highway into soft ground, the truck turned over and was thereby damaged to the extent described in the complaint. The defendant, in

addition to denying the alleged acts of negligence on his part, alleged that the plaintiff "was guilty of negligence in the manner in which he operated his automobile truck at the time and place of the accident, in that he did not exercise ordinary care or any care in the operation of said truck, all of which directly and proximately contributed to the accident in question." Pursuant to the verdict of a jury, judgment was entered in favor of the plaintiff. Defendant appeals therefrom.

The errors relied upon consist in the giving of two instructions to the jury. [1] In each of these instructions the court stated certain provisions of law defining the duties imposed upon an operator of a vehicle, and then said: "If, therefore, you believe that the defendant violated any of the provisions of the law above mentioned at the time of the accident complained of in this case, and that such violation was the proximate cause of the accident, you should find for the plaintiff." [2] Assuming that the issue of contributory negligence was properly before the court, there is no doubt that these were erroneous instructions, because it is settled law that if an instruction by its terms purports to state the conditions necessary to a verdict, it must state all those conditions and must not overlook pleaded defenses on which substantial evidence has been introduced. "It is clear that an instruction directing a verdict for the plaintiff in the event that the jury finds certain facts to be true, must embrace all the things necessary to show the legal liability of the defendant and to warrant the direction or conclusion contained therein that plaintiff is entitled to a verdict, and such is the rule in this state." (*Pierce* v. *United Gas & Elec. Co.,* 161 Cal. 176, 184 [118 Pac. 700, 704]; *Keena* v. *United Railroads,* 57 Cal. App. 124 [207 Pac. 35].) [3] The court gave other instructions on the subject of contributory negligence, the correctness of which is not challenged. But this is not sufficient to overcome the prejudicial character of the erroneous instructions. "It is true that other instructions were given at the request of defendant that stated the law in these respects as favorably to defendant as was warranted, if not more favorably. But the giving of these other instructions simply produced a clear conflict in the instructions given the jury by the court, and it is impossible for us to say which instruction the jury

followed in arriving at a verdict in favor of plaintiff." (*Pierce* v. *United Gas & Elec. Co.*, 161 Cal. 185 [118 Pac. 704].)

[4] Respondent suggests that the instructions here criticised did not ignore the defense of contributory negligence, because those instructions required that before finding for the plaintiff it must appear that defendant's violation, if any there was, of the stated provisions of law "was the proximate cause of the accident"; and not merely that such violation proximately contributed to the accident. The contention is that in order to be the *cause* of the accident, the defendant's wrongful act must have been the sole cause thereof, and that therefore the language used carried the implication that defendant's wrongful act alone, without any contributory negligence of the plaintiff, was in contemplation as the cause of the accident. We do not agree with this contention. The natural and ordinary meaning of the words used in this instruction was such as to draw the attention of the jury solely to the alleged negligence of the defendant, without taking into consideration any evidence from which contributory negligence of the plaintiff might have been inferred.

[5] Respondent further replies that the evidence did not warrant the court in giving any instruction upon the question of contributory negligence, and that the fact of contributory negligence was not sufficiently pleaded by the defendant. The evidence was sufficient to present to the jury the question of contributory negligence of the plaintiff. The situation described was as follows: The plaintiff's truck was being driven in a northerly direction. Two automobiles, one immediately behind the other, had stopped on the westerly side of the road. The paved portion of the highway was sixteen feet wide. The evidence is uncertain as to whether the standing machines were entirely off the paved road. At any rate, they were on the west side of the road. The plaintiff's driver admitted that there was an apron on the south side of the paved highway. As we interpret the evidence, he meant the southeast side. The context compels the inference that the road at that place ran in a northeasterly and southwesterly direction, so that the right-hand side of the road when traveling north might be called either the south side or the east side. The de-

fendant testified that this apron was ten feet in width, consisting of solid, hard dirt road. If this be true, there would be eighteen feet between the middle of the road and the edge of the apron, and probably at least twenty feet between the standing machines and the edge of the apron where the ditch begins. According to the plaintiff's testimony, in approaching the point where he must pass the standing machines, he traveled on a slightly downgrade at the rate of twenty-five miles per hour. For the purposes of the present question, we may further assume in favor of the plaintiff that the defendant, at the time when he attempted to pass the standing machines (defendant moving in a southerly direction), was traveling at the rate of fifty miles an hour, and therefore that the defendant was operating his machine in a negligent manner. The time of the accident is fixed by the plaintiff at 4:50 P. M., and by the defendant at 5:15 P. M. It is stipulated that the sun had set at 4:47. The date was November 20, 1920. The defendant testified that the lamps on the plaintiff's truck were not lit. Defendant further testified that there was moonlight such that he was able by that light to read the time as shown by his watch. Under the rule that courts take judicial notice of the laws of nature and the measure of time, we take it to be the fact that (and so we are reliably informed) the moon rose at nineteen minutes after 1 that afternoon, and was up forty degrees or more at the time of the accident. The operator of plaintiff's automobile testified that as the defendant approached, defendant came over on to the east side of the paved road; that there is a two-inch drop from the paved road to the dirt; that the dirt road is on a slant; that there is a ditch at the edge of the dirt road; that for this reason, in order to keep his truck straight while trying to avoid a collision with the defendant, plaintiff's driver had to pull the truck into the field, or go straight on and turn over in the ditch, and for this reason he took his chance and went on into the field. On the evidence before stated, the jury might have been warranted in finding that the truck driver of the plaintiff had sufficient room to pass safely without turning into the field, and that his own acts under the circumstances constituted negligence which contributed proximately to the accident. So far as the evi-

dence was concerned, it was a question of fact fairly presented to the jury.

[6] Respondent's contention that the defense of contributory negligence was not pleaded in such manner as to raise the issue is answered by the decision of the supreme court in *Kelly* v. *Santa Barbara etc. R. R. Co.*, 171 Cal. 415, 421 [Ann. Cas. 1917C, 67, 153 Pac. 903, 905]. Answering certain objections to instructions given in that case, the respondent had claimed that the error, if any, was immaterial because the question of contributory negligence, on account of its faulty pleading in the answer, was not before the court. To this the court replied: "But however imperfect the answer may be in its failure to allege the facts constituting the asserted contributory negligence, nevertheless the answer plainly relied upon contributory negligence. The case was tried and evidence was offered *pro* and *con* upon the theory that contributory negligence was in issue; both parties asked for instructions to the jury upon the question, and we will not here, especially in the absence of any demurrer to the answer for such imperfection, consider the question." The statement thus made answers precisely to the conditions of the case at bar. From all of the foregoing, we conclude that the errors in the instructions given to which we have referred require a reversal of the judgment.

The judgment is reversed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 26, 1922.

All the Justices concurred.