[Civ. No. 7221. First Appellate District, Division One.—September 13, 1930.]

ELMER N. JOHNSON, Respondent, v. PICKWICK STAGES SYSTEM (a Corporation), Appellant.

Theo. Hale and B. P. Gibbs for Appellant.

Lewis H. Smith, Archie A. Smith and Maurice J. Rankin for Respondent.

DOOLING, J., *pro tem.*—Defendant Pickwick Stages System appeals herein from a judgment recovered against it for personal injuries received by respondent Johnson as a result of a collision between one of appellant's stages and a Buick automobile driven by Gordon M. Snyder. Snyder was originally joined with appellant Pickwick Stages System as a defendant, but before the trial respondent Johnson dismissed his action against Snyder and went to trial only against appellant Pickwick Stages System.

Because of the dismissal of Snyder and the execution of the agreement by respondent Johnson which is hereafter set out appellant claims that there had been a settlement and release of Johnson's claim against Snyder which barred his cause of action against appellant or at least that there was evidence sufficient to go to the jury on that question.

At the time of trial appellant filed a supplemental answer alleging a settlement and release of Johnson's claim against Snyder and the issues raised by this supplemental answer were first tried. Appellant offered in support of its plea in bar a document in the following language:

"In consideration of the payment to me of the sum of $10.00, a receipt whereof is hereby acknowledged, I hereby undertake and agree that on the payment to me at any time on or before April 15, 1929, of the further sum of $2,500.00

I will execute and deliver to Gordon M. Snyder a covenant not to sue him upon any claim or cause of action that I may have against him, arising out of a certain accident which occurred in the state of California, on the highway known as Pacheco Pass, between the towns of Los Banos and Gilroy, on or about the 10th day of May, 1927, and which alleged cause of action has heretofore been sued upon by me in said action commenced in the superior court of the county of Santa Clara, state of California, entitled *Elmer N. Johnson* v. *Pickwick Stages System*, a corporation, and Gordon M. Snyder, being action No. 35233 in said court, and which action has heretofore been dismissed by me as against the defendant herein, Gordon M. Snyder, without prejudice; said agreement or covenant not to sue to be in the form annexed hereto and made a part hereof and marked Exhibit 'A.' Said payment to me shall be made to my attortorney, Lewis H. Smith, at his office at Los Angeles, California, and may be made to him in the form of a check or draft, the payment of which is guaranteed by Paul Nourse. In the event I shall refuse to execute said covenant not to sue, then upon payment of said money to said Lewis H. Smith, this agreement shall be deemed to operate as such covenant and the terms of Exhibit 'A' shall be binding on me as if then executed."

As to this agreement it was proved that it was signed by respondent Johnson some time in February, 1929. Annexed to this document so executed by Johnson, and marked exhibit "A," was a form of agreement in the following language:

"In consideration of the payment to me of the sum of Two Thousand Five Hundred Dollars ($2,500.00), receipt whereof is hereby acknowledged, I do hereby covenant and agree with Gordon M. Snyder that I will not commence, maintain, or prosecute any action at law, or otherwise, against him by reason of, or arising out of, that certain accident which occurred on or about the 10th day of May, 1927, in the county of Santa Clara, state of California, upon that certain highway known as the Pacheco Pass, between the cities of Los Banos and Gilroy, and which accident was a collision between the automobile owned and operated by said Gordon M. Snyder, and an automobile stage operated by Pickwick Stages System, a corporation, upon which stage I was a passenger, or on account of any injuries sustained

by me in said accident, or upon any cause of action arising out of the matters aforesaid, and in order to induce the payment of said Two Thousand Five Hundred Dollars ($2,500.00) to me by said Gordon M. Snyder and/or his indemnitors, I further represent to them that I have not commenced any action against him on account of said matters, or any of them, other than action No. 35233 in the superior court of the county of Santa Clara, state of California, and that said action has been dismissed. I further agree that I will indemnify and hold harmless said Gordon M. Snyder and/or his indemnitors against any loss or liability on account of any action brought by me in violation of this agreement and whether the same has already been commenced by me or shall be hereafter commenced, and I further agree that this agreement of indemnity shall be deemed breached and the cause of action to said Gordon M. Snyder and/or his indemnitors accrued thereon immediately upon the commencement of any action by me contrary to this agreement, and that said Gordon M. Snyder and/or his indemnitors may counter-claim or cross-complain in any such action, and I hereby waive and agree not to plead, or in anywise raise the question, that an action upon this agreement should not be a proper grounds of counter-claim or cross-complaint in said action. This instrument is not intended as, and shall not be deemed, a release of any cause of action that I may have against Gordon M. Snyder and which is hereinbefore described or of any other cause of action which I may have against him, nor as any covenant or agreement with, or release of, the Pickwick Stages System, a corporation.''

As to this second document the testimony showed that it had never been signed by Johnson and that no part of the $2,500 had been paid by Snyder. The trial court refused to admit these writings in evidence, refused to permit the filing of a further supplemental answer setting up the alleged plea in bar in somewhat greater detail, denied a motion to dismiss based upon the facts recited above, and instructed the jury to disregard appellant's plea in bar.

It is settled law that a release of one joint tort-feasor releases all, while a covenant not to sue one of several joint tort-feasors does not release the others (*Hawber* v.

*Raley*, 92 Cal. App. 701 [268 Pac. 943]). Much of the argument of counsel on this appeal is expended upon the question of whether the document, exhibit "A," if executed would operate as a release or as a covenant not to sue. ■ We think this discussion is beside the point. So far as the evidence showed, Johnson, in consideration of the payment to him of ten dollars, had given Snyder an option at any time prior to April 15, 1929, to pay $2,500 in return for which Johnson agreed to execute and deliver an agreement in the form of exhibit "A." At the time of the trial Snyder had not exercised his option. Until Snyder paid the sum of $2,500 the release, if exhibit "A" would constitute a release, was inoperative for any purpose. "A release may be subject to the occurrence of a condition precedent, and the release cannot be pleaded in bar of the right until the happening of the event specified." (34 Cyc., pp. 1077, 1078; *Kirby Lbr. Co.* v. *Chambers*, 41 Tex. Civ. App. 632 [95 S. W. 607]; *Stowe* v. *Express Co.*, 179 Mich. 349 [146 N. W. 158].) In *Terre Haute etc. Ry. Co.* v. *Flanigan*, 94 Ind. 336, the defendant pleaded in bar a document which recited that in consideration of the railroad company performing certain acts "I will release it" etc. On the trial the court found that the railroad company had not performed its part of the agreement and held against the plea in bar. On appeal the action of the trial court was affirmed, the appellate court saying at page 338: "It will be observed that this instrument is not a release. It is merely an agreement or obligation on the part of the appellee, that if certain things are done by appellant, he will release it."

■ The dismissal of the action as to Snyder is also claimed to release appellant in view of the fact that the statute of limitations had run in favor of Snyder. Appellant argues that since Johnson had thereby put it out of his power to proceed against Snyder his cause of action against appellant is barred. But a plaintiff may, in a tort action, voluntarily dismiss a part of the defendants without thereby discharging the rest (18 C. J., p. 1162). "The rule is fundamental that if several are guilty in common of tort the injured person has his right of action for damages against all or each, and may sue them either individually or collectively." (*Heath* v. *Manson*, 147 Cal. 694, 701 [82

Pac. 331, 333].) If the dismissal had been entered in consideration of the payment to Johnson by Snyder of any sum as compensation for his injuries it would operate as a retraxit and would bar his right to proceed against appellant. The proof offered fell short of this. ■ Johnson had received ten dollars from Snyder not in satisfaction of his claim against Snyder but solely in consideration of the giving of the option. Until the option was exercised by Snyder there could be no satisfaction. We conclude that the court committed no error in the respects complained of.

■ At the time of the collision out of which this action grows, respondent Johnson was a passenger on a stage operated by appellant. The stage was proceeding westerly over the Pacheco Pass highway at a rate of speed in excess of fifteen miles per hour, and according to some of the testimony rounded a right-hand curve where the view of the highway was obstructed beyond seventy-five or one hundred feet without sounding any horn and proceeding in the center of the highway. When the Buick automobile appeared in sight of the stage it was proceeding easterly at forty-five or fifty miles per hour and hugging the bank on its left side of the highway. The stage pulled over to its right and at the time of collision its right front wheel was in contact with the bank on its right-hand side of the road. Appellant claims under these facts that the sole proximate cause of the collision was the gross negligence of the driver of the Buick. In rounding a blind curve on a mountain highway without sounding its horn and at a rate of speed in excess of fifteen miles per hour and driving in the center of the highway appellant was violating the provisions of the California Vehicle Act and was guilty of negligence as a matter of law. ■ The question of proximate cause is for the jury unless the court can see that there is no rational hypothesis under the evidence which would support the jury's finding. This is not such a case. The driver of the Buick was swerving to his right at the moment of impact. The jury may well have found that if a warning horn had been sounded or the stage had been proceeding more slowly or on its own side of the highway the operator of the Buick would have pulled to his right side of the highway in time to avoid the collision.

 Two instructions were given embodying the doctrine of *res ipsa loquitur*. The complaint pleaded negligence in general terms, and appellant being a common carrier the instructions were therefore proper. (*Burke* v. *Dillingham*, 84 Cal. App. 736 [258 Pac. 627].) The court in instructing the jury on the measure of damages concluded with the usual qualification "not to exceed the sum of twenty thousand dollars" (i. e., the amount prayed for in the complaint). The giving of such an instruction has received the approval of our Supreme Court in *Lahti* v. *McMenamin*, 204 Cal. 415, 421 [268 Pac. 644]. We find no error in the other instructions complained of and the alleged misconduct of counsel was in one instance cured by the admonition of the court to the jury and the withdrawal of the remark by counsel and in the other instance was not of such a nature as in our opinion to have any effect upon the jury.

Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 11, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 10, 1930.