[Civ. No. 8006.    First Appellate District, Division Two.—September 18, 1931.]

EARL V. ABBOTT et al., Respondents, v. GOODYEAR TIRE & RUBBER COMPANY OF CALIFORNIA (a Corporation), Defendant; W. H. DAUM, Appellant.

John M. Hall for Appellant.

Rohe & Freston, Ralph E. Lewis, Kenyon F. Lee and Bradner W. Lee, Jr., for Respondents.

NOURSE, P. J.—Plaintiffs sued for damages for false representations. Before trial the action was dismissed as to the tire company. The cause was tried as to defendant Daum before a jury, which returned a verdict for plaintiffs in the sum of $7,218.88 Defendant Daum appeals upon a bill of exceptions.

Plaintiffs purchased certain real property from the tire company through its agent Daum. Prior to the negotiations for the purchase, proceedings had been instituted for the widening and paving of one of the streets fronting the

property. As a part of the inducements it is alleged that defendant Daum represented to plaintiffs that the assessments for such improvements had been fully paid and that said defendant knew that such representations were untrue. The suit is to recover as damages for such representations the amount of said assessments which was subsequently paid by plaintiffs.

■ Appellant first complains of instruction number 12, which informs the jury as to the amount of recovery to which respondents are entitled if the jury finds certain facts to be true. The criticism of the instruction is that it is a "formula" instruction which fails to include the essential element of knowledge of the falsity of the representations on the part of the appellant. There are several answers to the criticism. It will suffice to say that in instructions 1 to 11 the jury had been advised of the allegations of the complaint charging fraud; that instruction number 3 particularly dealt with the allegations respecting Daum's knowledge of the falsity of the representations complained of; and that instruction number 12 directed a verdict for respondents if the jury found that all these representations were made and that respondents had been deceived "as alleged". The complaint fully alleged every essential element for recovery in a case of this kind and the instruction complained of took all these allegations into consideration. This is not a case of a directed verdict on a single issue or upon a limited number of the issues involved. All the instructions must be read together and, in so reading them, we find no conflict between number 12 and those preceding, but a general summary telling the jury of every element which must be found for a verdict. The case is somewhat similar to *Robinet* v. *Hawks,* 200 Cal. 265, 273 [252 Pac. 1045], where the trial court used the expression "under the instructions as I have given them to you". See, also, *Douglas* v. *Southern Pac. Co.,* 203 Cal. 390, 394 [264 Pac. 267], where the Supreme Court holds in effect that where, as here, the instruction complained of does not purport to be a complete statement of the law upon which plaintiffs might recover and the other instructions are amplifications of and *not in conflict with* that instruction the objection of "formula" instruction is not sound.

■ Putting it in other words—when the tone of the in-

structions as a whole denotes that no single instruction was intended to be a complete statement in itself but that all the instructions are to be taken together and, when these instructions fully and correctly state the law *without conflict*, then no one instruction may be singled out for criticism because it does not completely state all the elements necessary for recovery.

The criticism of instruction number 17 is not without merit. It was given at the request of respondents. It is poorly drawn, wholly unnecessary, and should not have been given. It too directs a verdict for respondents if the jury should find that the alleged representations were made under certain conditions. It omits the element of knowledge of the falsity of the representations on the part of appellant. Standing alone, the instruction is indefensible, and is more or less unintelligible, but for that reason may have been harmless. However, in the consideration of these instructions, we are not limited by the paragraphing or numbering given in the record, but must read the instructions as a whole to determine whether the *charge* correctly states the law to the jury. In so reading these instructions we find that in "number 17" the jury was instructed that if it found that the representations as to the payment of the assessments were made to induce respondents to purchase the property, and were material, and were false, and that respondents believed them to be true and acted upon them, then the jury should find for the respondents. Nevertheless, in instruction "number 35", which is the concluding instruction given, the jury was told that *"in addition* to finding that the representations alleged to have been made were in fact made and that the same were untrue", the verdict "must be" for the appellant, unless "you also find" that appellant did not believe the representations to be true, or that they were made as positive assertions in a manner not warranted by the information possessed by the appellant. This is not, therefore, a case of "a clear conflict in the instructions" within the rule of *Beyerle* v. *Cliff*, 59 Cal. App. 7, 9 [209 Pac. 1015], and the cases cited in *Douglas* v. *Southern Pac. Co., supra.* It is rather a qualification of the criticised instruction within the rule of *Robinet* v. *Hawks,* 200 Cal. 265, 272 [252 Pac. 1045]. ✓

■ It is argued that the evidence is insufficient to show that appellant knew that assessments had been levied against the property sold on account of street improvements. Respondents put in evidence the contract between Daum and the tire company wherein the company undertook to furnish an unlimited guarantee of title free of all encumbrances *except* as to proceedings for the improvement of Florence Avenue. This provision was inserted in the contract by Daum and was discussed at the time in a conversation between Daum and a representative of the tire company. This occurred about a year before the representations were made. The only possible inference to be drawn from these facts is that appellant had knowledge of the assessment proceeding. No credible evidence was offered to the contrary.

■ Finally it is argued that, because of the dismissal of the tire company, the cause of action fell for the reason that appellant and the tire company were joint tort-feasors. The dismissal was based upon a stipulation with the respondents wherein the tire company orally agreed to pay respondents $3,000 if respondents failed to recover a judgment against this appellant. No consideration was paid for the dismissal. This promise of the tire company was not accepted by respondents in full or any satisfaction of the injury (*Wallner* v. *Barry,* 207 Cal. 465, 473 [279 Pac. 148]), and the dismissal of the company was nothing more than an agreement not to sue, which is not alone a release of either joint tort-feasor. (23 R. C. L., p. 408; 50 A. L. R. 1091; 66 A. L. R. 212, notes; *Hawber* v. *Raley,* 92 Cal. App. 701, 703, 704 [268 Pac. 943]; *Johnson* v. *Pickwick Stages System,* 108 Cal. App. 279 [291 Pac. 611, 613].) If the dismissal had been entered in consideration of the payment to respondents of any sum as compensation for the injuries it would have barred their right to proceed against appellant. (*Johnson* v. *Pickwick Stages System, supra.*) But there was no word in the evidence tending in the slightest degree to prove the special defense of bar raised by appellant, and there was nothing to go to the jury on that issue.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.