[Civ. No. 9776. Second Appellate District, Division Two.—April 19, 1935.]

CHARLES CARRILLO, a Minor, etc., et al., Respondents, v. HELMS BAKERIES, LTD. (a Corporation), et al., Appellants.

George H. Moore and Gerald O'Connor Egan for Appellants.

F. H. Bowers for Respondents.

WILLIS, J., *pro tem.*—This is an appeal by defendants from judgments for damages arising out of a collision between an automobile bread delivery truck and a boy of the age of five years. The cause was tried before a jury which rendered a verdict in favor of the boy for $5,000 for personal injuries, and in favor of the boy's father for $200 for expense in caring for the injured son, on which judgments were entered, that in favor of the father being reduced to

the sum of $102.20 at the time motion for new trial was denied. The evidence presents sharp conflicts both as to the place and the manner of the collision. There is evidence tending to show that the defendant driver negligently struck the boy when he was crossing at a regular crosswalk with proper care. There was evidence also tending to show that the boy was struck while negligently running out into the street some distance beyond the crosswalk, without negligence on the part of the driver, and there was evidence which warranted the application of the doctrine of the last clear chance. Instructions were given covering all these theories of the accident. The jury resolved all conflicts by its verdicts in favor of plaintiffs, and its findings are binding on this court and present a bar to the granting of any relief to appellants, unless it is made to appear that such determination was arrived at upon the basis or as the result of prejudicial errors in law occurring at the trial. Such errors are assigned and urged by appellants in respect to certain instructions given by the court, which, in view of the sharp conflict in the evidence, are claimed to be therefore highly prejudicial.

At the trial, the question of contributory negligence of the boy (plaintiff Charles Carrillo) was raised by the answer and was recognized by the court and all parties as being an issue to be submitted to the jury, and the jury was given the usual and approved instructions on that subject. Appellants, however, contend that by the giving of two certain instructions, requested by plaintiffs and characterized by appellants as "formula" instructions, which, it is claimed, failed to contain all the elements essential to a recovery by the minor plaintiff, a conflict was created in the instructions, which was bound to result in prejudice to defendants.

The instructions given are not numbered, but if given numbers in the order of their sequence in the transcript there would be 30, and the first in order of giving, complained of by appellants would be numbered 15, reading as follows: "You are further instructed that where an infant of the age of 5 years is suing in his own right, the contributory negligence, if any, of his parents may not be imputed to him, and if you find from the evidence in this case that the defendants' negligence was the proximate cause of the injuries to said minor, you will find for the plaintiff

and against the defendants.'' Appellants contend that this instruction is a ''formula'' instruction and omits the essential element of contributory negligence of the minor plaintiff and therefore false within the condemnation of the general rule of law that a formula instruction must contain all the elements essential to a recovery, and the absence of any one of such elements may not be compensated for nor cured by a reference thereto in other instructions correctly and fully stating the law. (*Ebrite* v. *Crawford,* 215 Cal. 724 [12 Pac. (2d) 937].) In *Saltzen* v. *Associated Oil Co.,* 198 Cal. 157 [244 Pac. 338], in a similar case, it is said: ''This court ought not to adopt or give application to a rule that the positive effect of an express instruction upon a specific subject which is admittedly correct will be overcome by a general though erroneous instruction not expressly dealing with that subject in the absence of a very clear showing that the jury have been misled thereby.'' In addition to the usual general instructions covering contributory negligence given by the court herein, there was given immediately preceding the one above quoted a specific and positive instruction concerning the subject of contributory negligence in the case of an infant of tender years. In view of that status of the instructions we are of the opinion that the one complained of was neither given to nor accepted by the jury as a so-called ''formula'' instruction. It serves merely to inform the jury that the contributory negligence of a parent is not imputable to a minor child when suing in his own right for injuries based on negligence of a defendant. It related to another and different feature of the law of contributory negligence, namely that of imputable negligence as distinguished from direct and personal negligence, the latter feature having been fully covered by a preceding correct instruction, and between this and the preceding instructions there appears no conflict whatever. ██ ''When the tone of the instructions as a whole denotes that no single statement was intended to be a complete statement in itself but that all the instructions are to be taken together, and when these instructions fully and correctly state the law without conflict, then no one instruction may be singled out for criticism because it does not completely state all the elements necessary for recovery.'' (*Abbott* v. *Goodyear Tire Co.,*

116 Cal. App. 665 [3 Pac. (2d) 56, 57].) To the same effect are the cases of *Harvey* v. *Aceves,* 115 Cal. App. 333 [1 Pac. (2d) 1043], and *Douglas* v. *Southern Pacific Co.,* 203 Cal. 390 [264 Pac. 237]. In the latter case the court aptly stated: ''Jurors are presumed to be persons of common intelligence and capable of comprehending the ordinary use of language as applied to the particular proposition under consideration and in reference to which it is employed. We will not assume that they may not have understood the charge as we understand it.'' We conclude therefore that instruction numbered 15, though deficient and erroneous, does not fall within the rule affecting formula instructions and that it neither contributed to nor controlled the verdict in favor of the minor plaintiff.

██ Immediately following this instruction numbered 15, however, was the following instruction which we have numbered 16: ''You are further instructed that contributory negligence is not, as a rule, imputed as a matter of law to a child of plaintiff's tender years.'' This was later followed by an instruction which we numbered 22, reading as follows: ''You are instructed that if you find from the evidence in this case that the defendants were guilty of negligence in the operation of their truck at the time and place of the collision, and that such negligence of the defendants was the proximate cause of the collision, and the proximate cause of the injuries to this minor plaintiff, then you will find for the plaintiff and against the defendants.'' Of both these instructions, appellants complain; as to the first on the ground that its clear effect is to mislead the jury, and as to the second on the ground that it falls under the condemnation of the rule above stated in respect to formula instructions. With both of these contentions we must agree. The instruction numbered 16 entirely fails to state whose or what contributory negligence is ''imputable'' to the minor plaintiff. The court had just stated in positive terms that the contributory negligence of a parent might not be imputed to the minor plaintiff, and then followed that by stating that contributory negligence is not as a rule ''imputed as a matter of law to a child of plaintiff's tender years''. The clear effect of such an instruction would be to lead the jury to understand that a child of plaintiff's tender years could not as a matter of law be chargeable with contribu-

tory negligence. ▆▆▆ It was long ago announced and is still maintained by our appellate courts that there is no precise age at which, as a matter of law, a child is to be held accountable for all his actions to the same extent as one of full age, and that the question as to the capacity of a child at a particular time to exercise care to avoid a particular danger is one of fact for the jury. (*Cahill* v. *E. B. & A. L. Stone Co.*, 167 Cal. 126, 139 [138 Pac. 712]; *Barrett* v. *Harmon*, 115 Cal. App. 283 [1 Pac. (2d) 458].) It is true that the language used in the instruction is taken from a statement of the court in the case of *Gonzales* v. *Davis*, 197 Cal. 256, at page 260 [240 Pac. 16], but the statement there made is predicated on the case of *Zarzana* v. *Neve Drug Co.*, 180 Cal. 32 [179 Cal. 203, 15 A. L. R. 401], cited as its authority. Upon consulting that case, we find that therein the court was dealing with the rule affecting the imputability of contributory negligence of a parent to a child of tender years, suing in his own right, and wherein the court announced, although tardily as it stated, that the rule of imputed negligence of parents, as applied to actions by children in their own right, no longer prevails, if it ever did prevail, in this jurisdiction, and that the true rule was to the effect that the negligent exercise of a parent's care and control of a child is not imputed to the child as a defense to an action by the child itself for personal injuries. The danger of error in the extraction of a statement of an appellate court from its context in an opinion and giving it as a statement of abstract law is manifested by the above-quoted instruction number 16. ▆▆▆ It was entirely unnecessary to a correct statement of the law, as the court had already correctly told the jury that the negligence of the parent might not be imputed at all to a minor child suing in his own right. To follow that by stating that "contributory negligence is not, as a rule, imputed as a matter of law to a child of plaintiff's tender years", when considered in connection with the instruction, numbered 22 and above quoted, and with the latter part of instruction number 15, above discussed, was almost certain to produce the understanding on the part of the jury that contributory negligence of the minor plaintiff was eliminated from the case, and that such plaintiff would be entitled to recover if the

jury found that defendants' negligence was the proximate cause of the collision, and without regard to any negligence of the minor plaintiff contributing thereto. Nor are we able to reconcile instruction number 22 with the theory of non-prejudicial error under the reasoning and application of rules above given in respect to instruction number 15, for it falls squarely under the ban of the rule relating to the so-called "formula" instruction, with no redeeming or exculpatory features. Therein we find the fatal condition of clear conflict with preceding instructions relating to the question of contributory negligence of the minor plaintiff, and it is impossible for us to say which instruction the jury followed in arriving at a verdict in favor of the minor plaintiff. (*Beyerle* v. *Clift,* 59 Cal. App. 7 [209 Pac. 1015].)

As the judgments herein must be reversed on account of this error, and in view of a probable retrial, we deem it proper to comment on the error claimed by appellant in respect to an instruction applying the doctrine of the last clear chance, to the end that the error claimed will not be repeated at another trial. The vice of the instruction, which is number 20 in its sequence, is charged to arise out of coupling a statement of the law governing the action of the defendant as well as of the plaintiff in an emergency where great peril of doing injury or of being injured suddenly confronts the respective parties, with a charge embodying the doctrine of the "last clear chance". The "emergency" clause was evidently given to cover the conduct of the plaintiff and give an avenue of escape from the effect of the rule of continuous and contributory negligence on his part up to the moment of injury, which would bar recovery on his part. "If all the elements of the last clear chance doctrine are present, and plaintiff's negligence becomes remote in causation, then this doctrine applies. If any one of the elements of the last clear chance doctrine is absent, then plaintiff's negligence remains the proximate cause and bars recovery. But the continuous negligence rule does not apply to a situation in which the last clear chance rule, by presence of its own elements, is brought into operation. When these necessary elements are lacking, courts have declared and rightfully so, that plaintiff's negligence being continuous and contributory with that of a de-

fendant bars a recovery." (*Girdner* v. *Union Oil Co.*, 216 Cal. 197, 202 [13 Pac. (2d) 915].) In this case last cited, the court clearly and succinctly states what comprise the necessary elements to warrant the application of this doctrine of the last clear chance, and further states: "The element of continual negligence is present in all last-chance cases. If defendant is not able to avoid injuring plaintiff in the exercise of ordinary care, the plaintiff's original negligence continues to be the proximate cause of his own injury, which bars recovery. If, on the other hand, defendant is able to avoid injuring the negligent plaintiff, and negligently fails to do so, plaintiff's original though continuing negligence only remotely contributes to the injury and is not the proximate cause thereof, and hence the applied doctrine, by its own principles, establishes the right of plaintiff to recover notwithstanding the fact that his original negligence would, by its continuing nature, bar a recovery if the doctrine were not applicable. To hold otherwise would be to dispute its existence." "The 'last clear chance' must be solely upon the part of the person inflicting the injury. If both parties have that chance it cannot be said that there is any 'last clear chance' at all." (*Rasmussen* v. *Fresno Traction Co.*, 138 Cal. App. 540, 550 [32 Pac. (2d) 1091, 1095].) It thus appears that if the doctrine of last clear chance is applicable to this case, then the question of concurrent and contemporaneous negligence on the part of the injured plaintiff is excluded from the case, and it would be error to commingle the two subjects in a single continuous instruction.

As we do not apprehend any repetition of errors claimed to exist in other instructions on a retrial, it becomes unnecessary to review and determine such assignments of error in this decision.

The judgments are, and each of them is, reversed.

Stephens, P. J., and Crail, J., concurred.